# WILLIAM W. WALLACE

## *v.*

# SARAH B. DIXON

PLEADING AND EVIDENCE—*the substance of the words charged in slander must be proved.* In an action for slander, the substance of the words charged must be proved. Proof of similar or equivalent words is not sufficient.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

This was an action for slander, brought by the appellee against the appellant. The declaration contained two counts. In the first count, the slanderous words charged to have been spoken by the defendant, were, " that Sarah B. Dixon, meaning plaintiff, was in the family way by James Wallace, meaning his son James Wallace, and that her mother, meaning Mrs. Ruth Dixon, had driven her, meaning Sarah B. Dixon, from her home, meaning her, the plaintiff's, home, living with her mother, Mrs. Ruth Dixon, for the reason of her, the plaintiff, being in a family way, meaning that plaintiff, being an unmarried woman, was pregnant with child, etc."

In the second count, the slanderous words charged to have been spoken by the defendant, were, " Sarah B. Dixon, meaning the plaintiff, was in a family way by James Wallace, meaning his son, and that her mother, Ruth Dixon, had driven her from her home, meaning her, the plaintiff's, home with her mother, Mrs. Ruth Dixon, and that his son, James Wallace, would support the child, when born, which would be a bastard, she, the plaintiff, then being sole and unmarried at the time, and has been ever since; and that his son, meaning James Wallace, would not marry her, meaning the plaintiff, thereby meaning, etc."

The evidence as to the words spoken was as follows:

Mrs. Sarah Dixon testified: " I know the defendant; I asked him last month, at Burk's, about the slander, and he said 'Yes, I said it. I will not deny it, but I want to advertise it as a lie, as I have since found out it was untrue.' He said 'he had told Fred. Jobush and Horace Varnum.' He said 'he had heard it, but could not give me his author at that time—he had forgotten who it was.'"

Horace Varnum testified: " I first heard of the slander in August, 1875, in Jobush's store. I called Mr. Wallace aside, and no one else being present, I asked him about the slander. He said 'he had heard that Sarah Dixon had had a child by

James Wallace, and that her mother had driven her off; that he had asked James, his son, about it, but James denied it; that he had told Fred. Jobush to find out about it, but that he could not give his author—he had forgotten the author, but he had heard it.'"

Fred. Jobush testified: " Mr. Wallace was at our store about the 15th of June, 1875, and I asked him for Bottom news. He said 'he had heard that Sarah Dixon had a child, and that her mother had asked her for the father, and, not finding from her who it was, had driven her from home; he had heard that his son James was implicated, and had asked James about it that morning, before getting up, and James had denied it.'"

Austin Varnum testified: "About a month ago, Mr. Wallace met me and told me of his trouble with Mrs. Dixon. It was after his interview with Mrs. Dixon, at Burk's. He said 'he had heard that Sarah Dixon had a child, and his son James was implicated; that James denied the charge, and that he had told Jobush to inquire about it.' Wallace said 'he had heard it, but could not give his author; could not then recollect who it was—had forgotten.'"

Jerome Dixon testified: "I met Wallace and asked him if he had said that Sarah Dixon was with child, and that my mother had driven her from home. He said 'he had heard so, but could not tell the author then; had forgotten who told him.' He said 'he heard his son James was implicated, but James had denied that to him, and that he had told Fred. Jobush to find out from James.'"

Upon this evidence, the jury found the defendant guilty, and the court rendered judgment upon the verdict, after overruling a motion for a new trial, from which judgment defendant appealed to this court.

Messrs. HENCKLER & TALBOTT, for the appellant.

Mr. E. P. SLATE, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was case, for slander, brought by Sarah B. Dixon, plaintiff, and against William W. Wallace, defendant.

There were two counts in the declaration, and the general issue and three special pleas were pleaded. A trial was had, and a verdict rendered for the plaintiff, for one thousand dollars, one half of which was remitted by plaintiff.

The point is made, on this appeal by the defendant, that the proofs do not sustain the charge in the several counts of the declaration, nor in either of them.

We have examined the declaration and the evidence in connection therewith, and fail to find the charge sustained. The substance of the words charged must be proved. Proof of similar or equivalent words is not sufficient, as this court has often held. *Slocumb* v. *Kuykendall*, 1 Scam. 187; *Sanford* v. *Gaddis*, 15 Ill. 228; *Baker et al.* v. *Young*, 44 id. 42; and other cases.

The allegations and proofs must coincide. Here, there is a wide departure, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*