### Jacob Becker v. Bertha Schiller.

1. *Slander—Allegations and Proof—Conversations.*—In a declaration for slander, where the actionable words were alleged to have been spoken in the third person, the evidence showed them to have been spoken in the second person. *It was held*, that the allegations were not sustained by the proof.

2. *Jury—Disregarding Instructions.*—Where a jury disregards the instructions of the court, their verdict may be set aside and a new trial granted.

Memorandum.—Action for slander. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

ALEXIS L. GRANGER, attorney for appellant.

RICHARDSON BROS., attorneys for appellee.

OPINION OF THE COURT, CARTWRIGHT, J.

This is a suit by appellee against appellant, for slander. The declaration charged that appellant, in a conversation in the German language, used, concerning appellee, the following slanderous words: "Mrs. Schiller is eine hure." She lives with a hure-master." It was also alleged that these words, when interpreted into the English language, were as follows: "Mrs. Schiller is a whore. She lives with a whoremaster." There was a trial, resulting in a verdict for appellee, for $500, on which judgment was entered.

The parties were German, well advanced in years, and were neighbors. It appeared that they quarreled, and that what was said by the defendant was addressed directly to the plaintiff. The witnesses for the plaintiff all testified through an interpreter, and much difficulty was experienced in getting before the jury any evidence of what words were used by the defendant. The words charged in the declaration to have been spoken, were not proved by any of them, nor were enough of such words to amount to a charge of adultery. The declaration was, therefore, not sustained by the proof. Wilborn v. Odell, 29 Ill. 456; Wallace v. Dixon, 82 Ill. 202.

The words sworn to, being addressed to plaintiff, were in the second person, instead of the third, as alleged, and the nearest approach to the words alleged was obtained by a leading question, and was the following: "Du bist eine hure;" which was interpreted, "You are a whore." The court instructed the jury that the allegation of words spoken in the third person, was not sustained by proof of words spoken in the second person, and the instruction was in accordance with the settled law on that subject. 1 Chitty Pl. 405; Sanford v. Gaddis, 15 Ill. 229.

But the jury disregarded the instruction, and returned a verdict for plaintiff, which should have been set aside. The judgment will be reversed and the cause remanded.