## George W. Searcy v. Henry Sudhoff.

1. SLANDER—*Qualification of Actionable Words.*—A person may, at the time of speaking words which are, in their ordinary signification, slanderous by imputing a crime, so qualify them by other words as to show that he uses them in a different sense.

2. SAME.—*All Words Spoken at One Time Must Be Taken Together.*— All the words spoken at one time must be taken together, and although

one part, when detatched from another may be slanderous, yet, if taken all together, they may not be so.

3. SAME—*Measure of Proof—The Burden of Proof is Upon the Plaintiff.*—To prove the words alleged in his declaration, or so much of them as will sustain his cause of action, it is not enough to prove other words of like import and meaning—equivalent words or expressions will not suffice.

4. DAMAGES—*In Actions for Slander—Instructions.*—Damages in actions for slander should be determined from the evidence, and from that alone, and an instruction which does not restrict the jury to the evidence is improper.

**Action in Case**, for slander. Trial in the Circuit Court of Madison County; the Hon. SILAS COOK, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1899. Reversed and remanded. Opinion filed September 5, 1899.

TRAVOUS & WARNOCK, attorneys for appellant.

The whole conversation was necessary, and indispensable, both as to the question of malice and in mitigation of damages. McKee v. Ingalls, 4 Scam. 30; Zuckerman v. Sonnenschein, 62 Ill. 115; Welker v. Butler, 15 Ill. App. 209; Freeman v. Tinsley, 50 Ill. 497; Foval v. Hallett, 10 Ill. App. 265; Newell on Libel and Slander, 813–815, and Subsections 9, 11, 24, 32 and 38.

An instruction telling the jury that if they find defendant guilty they should "assess plaintiff's damages at such sum as they may think fit," without stating that the damages should be estimated from the evidence, is clearly erroneous. Martin v. Johnson, 89 Ill. 537; McGinnis v. Berven, 16 Ill. App. 357; L. S. & M. S. Ry. Co. v. Rohlfs, 51 Ill. App. 221.

It was necessary to a recovery that plaintiff should prove the use of at least enough of the exact words charged to impute the crime charged. Other words of like meaning, or equivalent words or expressions, will not suffice. The refusal of appellant's 1st, 3d, 6th and 7th instructions was therefore error. Sanford v. Gaddis, 15 Ill. 228; Crotty v. Morrissy, 40 Ill. 477; Becker v. Schiller, 49 Ill. App. 606; Ransom v. McCurley, 140 Ill. 626.

The instructions for appellant tell the jury that it is only

necessary for him to prove the uttering of the words charged. The element of publication is entirely ignored, and this was error. Frank v. Kaminsky, 109 Ill. 26.

W. P. BRADSHAW, attorney for appellee.

It is the well settled law of this State, if the words charged are substantially proven, that is sufficient. All the words charged need not be proven, but that sufficient of them only need be proven to constitute the offense. Stumer v. Pitchman, 124 Ill. 250.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case for slander, in the Circuit Court of Madison County, by appellee against appellant. The declaration charges that appellant said to appellee, in the presence of other persons: "You helped West Dugger steal that hay. I could have had you both arrested and put up for it. * * * Meaning and intending thereby to charge the plaintiff (appellee) with the crime of larceny." To this declaration appellant pleaded not guilty. Trial by jury. Verdict and judgment in favor of appellee against appellant.

The evidence on behalf of appellee consisted of his own testimony and that of a witness by the name of Philip Stock. Appellee testified that the words spoken by appellant were: "You helped West Dugger steal my hay and I had you both arrested and put up for it." The witness Philip Stock testified that the words spoken by appellant were: "West Dugger had no right to that hay at all; I could have you arrested for stealing; I could have you both put up for it." Upon cross-examination of these witnesses, and also in the examination of his own witness, counsel for appellant sought to bring out so much of the conversation in which those words were said to have been spoken as related to the subject-matter of them, but on objection by counsel for appellee the court refused to permit it, and ruled that the witnesses could only state what they heard "in the way of uttering" the words charged in the declaration. In this the court erred.

"A person may at the time of speaking words which, in their ordinary signification, would be slanderous by imputing a crime, so qualify them by other words as to show that he uses them in a different sense. * * * It goes upon the principle that all the words spoken at one time must be taken together, and though one part detached from another would be slanderous, yet, if taken all together, they might not impute an indictable offense." Newell on Defamation, Slander and Libel, 813.

In Foval v. Hallett, 10 Ill. App. 265, it is said:

"The injustice of isolating the words charged in the declaration from the balance of the conversation in which they were spoken is manifest." "When defamatory language has any reference to or is connected with any other language or event which affects its meaning, it must be construed with reference to such other language or event."

The court gave on behalf of appellee the following instruction:

"The court instructs the jury, that if they believe from the evidence that the defendant used the words toward the plaintiff charged in the declaration in this case, or substantially the words, then, under the pleadings in this case, they should find the defendant guilty and assess the plaintiff's damages at such sum as they may think fit."

And refused to give on request of appellant the following:

"The jury are instructed that to entitle the plaintiff to recover in this suit he must prove the speaking of the words alleged in the declaration; other words of like meaning, or equivalent words or expressions will not suffice."

In this the court also erred. In Sanford v. Gaddis, 15 Ill. 229, it is said:

"The plaintiff must prove the words alleged in the declaration, or so much of them as will sustain his cause of action. It is not enough to prove other words of like import and meaning—equivalent words or expressions will not suffice."

The instruction given authorized the jury to find appellant guilty, although they might not believe from the evidence that he had spoken the words alleged in the declaration, or enough of them to charge appellee with larceny, provided they should find that he had spoken "substantially the words"—equivalent words—words mean-

ing substantially the same. This error appeared in other instructions given on behalf of appellee, and in the modification of the third instruction given on behalf of appellant. The instruction above quoted as given is vicious in another respect. It authorized the jury to assess damages at such sum as they might think fit. In Martin v. Johnson, 89 Ill. 537, it is said:

"It was the province of the jury to determine the damages plaintiff should recover, if any, but these damages should be determined from the evidence, and from that alone; and an instruction which does not restrict the jury to the evidence is improper."

While it is true, as contended by counsel for appellant, that proof of publication of the slanderous words is as essential as proof of the speaking, and that all the instructions given on behalf of appellee ignore that element in the case, so do all the instructions asked on behalf of appellant. In this case no issue was raised as to the publication of whatever words were spoken. They were admittedly spoken to appellee in the presence of his wife and the witness Philip Stock. In such case the admission of this element from appellee's instructions is not material.

The judgment of the Circuit Court is reversed and the cause remanded.