## Charles Kuhlman, Appellant, v. Emil Kiefer, Appellee.

SLANDER—*what proof of words charged required.* The law requires that enough of the exact words charged be proved to establish the particular slander charged. It is not sufficient to prove other words of like meaning—equivalent words or expressions will not suffice.

Action in case for slander. Appeal from the Circuit Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

MAURICE V. JOYCE and JAMES A. FARMER, for appellant.

WISE, McNULTY & KEEFE, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, for slander, in the City Court of East St. Louis, by appellant against appellee. Trial by jury. At the close of appellant's evidence the court directed the jury to return a verdict finding the defendant not guilty. The jury returned a verdict as directed by the court, a motion for new trial was denied and judgment rendered on the verdict.

The declaration consisted of one count, setting up that appellant was a regularly ordained and acting clergyman and was pastor in charge of St. Elizabeth's Roman Catholic Church, and that he had charge of the revenues of said church; and it is charged in the declaration that appellee spoke and published of and concerning appellant, in the hearing of divers persons, the false, scandalous, malicious and defamatory words following,—that is to say, "he (meaning the plaintiff) is using the church (meaning said St. Elizabeth's Church) money in building his (meaning plaintiff's) houses." The words charged, standing alone, are: He is using the church money in building his houses.

Two witnesses were produced on behalf of appellant, Mr. Grace and Mr. Voss. Mr. Grace testified that appellee said "Father Kuhlman was building houses with the church's money;" and Mr. Voss testified that appellee said "Father Kuhlman is building houses with the church money."

Counsel for appellant contend the law to be, that "in an action for slander, it is sufficient to prove the substance of the words charged." This we do not understand to be a correct statement of the law as

it is held in this state. It is not sufficient to prove the substance of the words charged in the declaration. The law requires that enough of the exact words charged be proved to establish the particular slander charged. It is not sufficient to prove other words of like meaning—equivalent words or expressions will not suffice. Searcy v. Sudhoff, 84 Ill. App. 148. So strict is this rule in its application that words proved to have been spoken in the second person cannot be accepted as meeting the requirements of a declaration charging them to have been spoken in the third person. Becker v. Schiller, 49 Ill. App. 606. The mere "difference in the tense of the word proved and that alleged, will defeat a recovery—as the use of 'has' for 'had.'" Wilborn v. Odell, 29 Ill. 456; Sanford v. Gaddis, 15 Ill. 228.

Of the ten words charged in the declaration in this case, viz.: *"He is using the church money in building his houses,"* the witness Voss only uses five, viz.: *is - building - houses - church - money;* and the witness Grace only uses three, viz.: *building-houses-money.* The words proved fall far short of establishing the particular slander charged.

The trial court did not err in directing a verdict in favor of appellee.

The judgment of the City Court of East St. Louis is affirmed.                                    *Affirmed.*