John Linnberg, Adm'r., Appellee, v. City of Rock Island, Appellant.

## Gen. No. 5257.

1. VARIANCE—*when objection comes too late.* Unless the objection of variance is made specifically in the trial court it cannot be urged on appeal.

2. VARIANCE—*when and how objection must be made.* An objection of variance cannot be first made in the motion for a new trial; it must be pointed out distinctly during the trial either when the evidence is offered or when the variance appears.

3. WORDS AND PHRASES—*scope and meaning of "fell."* The word "fell" does not always and necessarily imply a lack of volition.

4. INSTRUCTIONS—*must be predicated upon the issues.* An instruction is properly refused which is not predicated upon the issues in the case.

5. APPEALS AND ERRORS—*when assignments of error waived.* An assignment of error not argued is deemed waived.

6. NEGLIGENCE—*what attractive nuisance. Held,* in this case, that there was evidence which tended to support the verdict of the jury, and that such verdict could be sustained upon the ground that a part of a particular sidewalk which floated in a pond might be an attractive nuisance perilous to children of tender years.

7. RES ADJUDICATA—*effect of former opinion*    The opinion of the Appellate Court becomes the law of the case, binding alike upon the lower court upon a retrial and upon the appellate court itself upon a subsequent review.

Action in case for death caused by alleged wrongful act.   Appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding.   Heard in this court at the October term, 1909.   Affirmed.   Opinion filed June 28, 1910.   *Certiorari* denied by Supreme Court (making opinion final).

J. F. WITTER, for appellant.

WILLIAM A. MEESE, G. A. SHALLBERG and PEEK & DEITZ, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This case was formerly before this court in Linnberg v. City of Rock Island, 136 Ill. App. 495, where the facts are fully stated.   Thereafter the cause was again tried and plaintiff had a verdict and a judgment, from which defendant below appeals.   Perhaps some figures as to distances, measurements, size of the floating sidewalk and depth of the water are not exactly the same as were given at the former trial, but the differences are not material.   At the former trial, Harry Hill testified that plaintiff's intestate, Edgar Linnberg, jumped from the floating sidewalk and was drowned.   At this trial Harry Hill testified that, when Edgar's brother Emil came up the second time, and called for help, Edgar went into the water, but that the witness did not know whether he fell in or jumped in.   Afterwards on cross examination the witness answered questions affirmatively which assumed that he had said that Edgar jumped in, and he further admitted that on the former trial he testified that Edgar jumped in.   In all other material respects the evidence at the second trial was practically the same as at the first trial.   At the first trial appellant offered no evidence.   At the second trial it only introduced an extract from the testimony of Harry Hill at the first trial.

Appellant contends that there was a variance between the declaration and the proofs as to the place where Edgar was drowned, it being contended that the declaration charged that he was drowned within the limits of the highway. It is well settled that to take advantage, in a court of appeal, of a variance between the pleadings and the proofs the variance must be pointed out in the trial court, and that not merely by objecting on the ground of variance, but the objector must plainly point out wherein the variance lies. We think, too, that it is a fair inference from the authorities on that question in this state that it is not sufficient to set up a variance for the first time in a motion for a new trial, but that it must be pointed out distinctly during the trial, either when the evidence is offered or when the variance appears. L. S. & M. S. Ry. Co. v. Ward, 135 Ill. 511; Richelieu Hotel Co. v. International M. E. Co., 140 Ill. 248; Libby, McNeil & Libby v. Scherman, 146 Ill. 540, 549; Murchie v. Peck, 160 Ill. 175; City of Chicago v. Seben, 165 Ill. 371; Union Showcase Co. v. Blindauer, 175 Ill. 325; Alton Ry. G. & E. Co. v. Webb, 219 Ill. 563; Lehigh Trans. Co. v. Post Sugar Co., 228 Ill. 121. At no time during the trial did appellant object to any evidence or move to exclude any evidence on the ground that the place where Edgar was drowned was at a different place from that stated in the declaration. Appellant did object to testimony relating to what occurred after the boys left the street, and at the close of appellant's evidence did move that the evidence relating to the existence of the pond on the private property and the evidence that Edgar was drowned at any other place than in the street be excluded, but it was not suggested that this was because of any variance between the proof and the declaration. It might have been based upon appellant's proposition that it is not liable for anything which occurred beyond the boundaries of the street. But, further, there was no variance on the subject of the place where Edgar was drowned. The declaration charged that there was a large pond of water on and along the street and a part of the sidewalk floating therein, inviting and attract-

ive to children and tempting them to ride thereon, and dangerous for any one who might ride thereon; and that Edgar, a child of tender years, whose attention was attracted by the inviting place to ride and play, not knowing the danger thereof, climbed on the sidewalk and fell into the water and was drowned; and the declaration plainly implies that Edgar got upon the floating sidewalk within the street; but it does not charge that he entered the water and was drowned while within the limits of the street. The proof showed that Edgar and his brother, Emil, got upon the sidewalk within the street and then paddled away from the street and that Edgar went into the water and was drowned some one hundred or two hundred feet away from the street. We find no variance as to place.

The declaration averred that Edgar fell in the water and was drowned. Appellant contends that the proof shows that he jumped into the water and that there is therefore a variance between the declaration and the proof on that subject. No such variance was suggested during the trial in the court below. We think it was too late in the motion for a new trial. Appellant assumes that the word "fell" implies a lack of volition and that the act alleged was not voluntary. A reading of the many definitions given to the word "fall" in any unabridged dictionary will show that it does not always have so restricted a meaning; for instance, if it were said of a person that, in a sudden calamity, he fell upon his knees, a lack of volition would not be understood.

It is contended that the court erred in refusing two instructions requested by appellant, not numbered in the record, but which appear to be the fourth and sixth in order of the refused instructions. The fourth was framed to tell the jury that if 38th street, at the time and place complained of, was in a reasonably safe condition for travel, then the jury should find for appellant, and the sixth, that a city is not liable for every accident that may occur from defects in its sidewalks or streets. These were not applicable to the case here sought to be made against the city. It was not alleged

that Edgar came to his death because 38th street was not in a reasonably safe condition for travel, nor because of any defect in the sidewalk or street.    These instructions were therefore properly refused.    If there was any error in the refusal of any other instruction requested by appellant, or any defect or omission in any instruction given at the request of appellee, such error has not been argued here by appellant and is therefore waived.

Appellant contends that a pond or stream of water in a city cannot in many cases be guarded and that all know of the danger therefrom and that a city ought not to be liable on account thereof.    The doctrine of the "turn-table" cases was applied to a pond in City of Pekin v. McMahon, 154 Ill. 141.    The pool here was not a natural pond, but was created by the act of the city in making a street across a deep gully by filling the street with earth, with so insufficient a passage way beneath for water that it became entirely closed. The pond alone was not the cause of the death of Edgar.    This sidewalk, owned by the city, had been floating in the pond for about two years according to some of the witnesses, and was within the street whenever the wind blew from the east. If the jury found that this raft in the water was dangerous for children of tender years to ride upon and that its presence within the street upon the pond was attractive to children of tender years and that they would be likely to be induced by their childish instincts to climb and play thereon, and that Edgar was such a child and was so allured and lost his life by reason of such dangers, and that the city had due notice of the presence of the sidewalk in the pond or, by the lapse of time during which it had been there, should have known thereof, then it would seem that a verdict against the city should stand.    The serious question is whether the hidden danger to Emil, which caused Edgar to leave the raft, was a new and intervening cause which protects the city from liability.    In our former opinion we held that "the existence of this sudden emergency was one of the events which were liable to happen and to produce disaster to a child of tender years, and the court could not say as a matter

of law that the facts above stated did not tend to make a case for plaintiff." We are still of that opinion; and the court below was required to try the case the second time in accordance with the views of the law applicable thereto which we then expressed, and has performed that duty.

The judgment is therefore affirmed.

*Affirmed.*