## Mabel Delatine, Appellee, v. Harry Kramer, Appellant.

1. LIBEL AND SLANDER—*variance in slander action.* The fact that the declaration in an action for slander alleges the slanderous words to have been spoken of plaintiff in the third person, whereas the uncontradicted evidence is that they were directed directly to her, constitutes a fatal variance.

2. APPEAL AND ERROR—*waiver of variance by failure to specifically object below.* Before the question of variance may be raised on appeal it must have been raised specifically in the trial court.

3. SAVING QUESTIONS FOR REVIEW—*motion for directed verdict as saving question of variance.* Motions for directed verdict at the close of plaintiff's case and at the close of all evidence were not sufficient to save for review the question of variance between a declaration for damages for slander and the proof of the alleged slander, since the question of variance must be specifically raised.

4. LIBEL AND SLANDER—*sufficiency of evidence of slander.* In an action of slander where the alleged slanderous words "you are a thief," addressed to plaintiff, were immediately followed by the statement, "you robbed me of my blood," they do not indicate that defendant was charging plaintiff with being a thief, regardless of whether defendant referred to the fact that he was bleeding and that plaintiff was in some way responsible therefor, and wholly fail to prove the allegation of the declaration that the words as used were intended to charge appellee with having "feloniously stolen, taken and carried away the goods and chattels of the defendant."

5. APPEAL AND ERROR—*refusal to discuss unnecessary questions.* When no right of recovery is disclosed by the record it is not necessary to discuss alleged errors of the trial court in its rulings on instructions.

Appeal by defendant from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the October term, 1924. Reversed. Opinion filed February 9, 1925.

BARTHEL, FARMER & KLINGEL, for appellant.

G. C. BORDERS, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in case was instituted by appellee in the city court of East St. Louis against appellant for slander. A trial was had, resulting in a verdict and judgment in favor of appellee for the sum of $500. To reverse said judgment, this appeal is prosecuted.

Appellant conducted a grocery store and meat market, while the husband of appellee ran a lunch counter and confectionery store. On the day in question, appellant and appellee's husband got into an altercation over a grocery bill which appellant claimed was owing to him from appellee's husband. Appellee testified that she took hold of appellant's coat collar and tried to separate the two men; that while so engaged appellant, among other names, called her a thief, his words being: "You are a thief; you robbed me of my blood." The evidence discloses that at said time appellant had received a cut or injury on the head, and there was considerable blood on his face.

It is contended by counsel for appellant for a reversal of said judgment that there is a variance between the allegation and the proof. The declaration, which consists of one count, charges that the alleged slanderous words were spoken of appellee, while the proof shows that the words were spoken to her. It is further contended by counsel that the word "thief" as used by appellant, is modified by the words "you robbed me of my blood," so that the word "thief" in the connection used did not impute larceny or any other crime.

We are of the opinion and hold that counsel for appellant is correct as to both of the propositions urged provided appellant is in a position to raise question of variance. The declaration charges the alleged slanderous words to have been spoken of appellee in the third person, whereas the uncontradicted evidence is to the effect that they were addressed directly to her, that is, in the second person. A variance of this character is fatal to a right of recovery.

*Sanford v. Gaddis,* 15 Ill. 229; *Wilborn v. Odell,* 29 Ill. 456; *Wallace v. Dixon,* 82 Ill. 202; *Becker v. Schiller,* 49 Ill. App. 606; 25 Cyc. 486.

It is contended by counsel for appellee that the question of variance was not raised in the lower court, and for that reason it cannot be urged here. The record discloses that appellant moved for a directed verdict at the close of appellee's evidence, and again at the close of all the evidence, and it is contended by counsel for appellant he is therefore in a position to raise the question of variance in this court. We are of the opinion and hold that to raise the question of variance in this court it must have been specifically raised in the court below.

The law is that words actionable *per se* may be so changed in their meaning by other words used in connection therewith as to render the same not actionable without proof of special damages. *Sanford v. Gaddis, supra; Baker v. Young,* 44 Ill. 42. The record clearly discloses that the word "thief," when addressed to appellee, was followed by the words, "you robbed me of my blood." Regardless of whether appellant referred to the fact that he was bleeding, and that appellee was in some way responsible therefor, we are of the opinion and hold that the use of the word "thief," in connection with the words "you robbed me of my blood," do not indicate that appellant was charging appellee with being a thief. It might be further observed that the evidence wholly fails to prove the allegation of the declaration to the effect that the words as used were intended to charge appellee with having "feloniously stolen, taken and carried away the goods and chattels of the defendant."

It is next contended by appellant that the court erred in its rulings on the instructions. In view of our holding on the merits of the case, as above set forth, it is not necessary for us to discuss the same.

No right of recovery is disclosed by the record, and inasmuch as it is apparent there can be no recovery in this case, the judgment of the trial court will be reversed without remanding.

*Judgment reversed.*