Marion Morgan, and James Morgan, Plaintiffs-Appellees, v. Mixon Motor Company, Defendant-Appellant, and John Nadeau, Defendant-Counter-claimant-Appellee.

Term No. 56–F–8.

Fourth District.

June 2, 1956.

Released for publication October 26, 1956.

SCHEINEMAN, P. J., dissenting.

Pope and Driemeyer, of East St. Louis, for defendant-appellant; Frank M. Rain, of East St. Louis, of counsel.

Listeman & Bandy, of East St. Louis, for plaintiffs-appellees.

Walker & Williams, of East St. Louis, for defendant-counterclaimant-appellee.

JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal by defendant, Mixon Motor Company, from judgments on jury verdicts against it in the amount of $25,000 for plaintiff, Marion Morgan; $1,500 for plaintiff, James Morgan; and $1,200 for defendant-counterclaimant, John Nadeau. The jury that tried the cases had returned verdicts of not guilty as against defendant Nadeau and another defendant, but no appeal was taken from those judgments.

It is the contention of Mixon Motor Company on appeal in this Court that the Trial Court erred in refusing to direct a verdict in favor of defendant and against the plaintiffs for the reason that there was no evidence that such defendant was guilty of any of the negligence charged against it, or that such defendant violated any duty owed plaintiffs; and, similarly, that the Court should have directed a verdict on the counter-claim for the reason that there was no evidence that defendant was guilty of any negligence which was charged against it in the counter-claim. In the alternative, the defendant contends that its motion for a new trial should be allowed on both the complaint of plaintiffs and the counter-claim, on the ground that the verdicts were contrary to the manifest weight of the evidence.

325

From the record it appears that defendant Nadeau was driving his automobile in a southerly direction on route 3, a four-lane highway, near the city limits of East St. Louis. The automobile in which plaintiffs were riding was traveling in a northerly direction on that highway, and when such automobile arrived at a place on the highway about twenty-five or thirty feet south of the Nadeau automobile, the Nadeau automobile suddenly and without warning, lurched over the center line into the path of plaintiffs' automobile. Another automobile struck plaintiffs' automobile from the rear, almost immediately thereafter. Severe injuries were suffered by Marion Morgan, and some injuries were sustained by plaintiff, James Morgan, her husband, who also incurred damages to his automobile. Nadeau also suffered personal injuries.

Defendant Nadeau asserted that his automobile was forced into plaintiffs' lane of travel because, when he applied the brakes, the left front brake wheel caught and pulled his automobile into the path of plaintiffs. He filed a counter-claim against the defendant Company on the ground that the Company had negligently repaired his automobile and as a result thereof he was unable to control the movement of the car when the brakes were applied. The evidence in the case discloses that on the morning of September 3, 1953 Nadeau, while on his way to work, drove his automobile into the garage operated by defendant to have repairs made. At the time he left the automobile at the garage the brakes were working properly and did not catch or pull the automobile to the left upon application of the brakes. A short time prior to this visit the defendant Company had relined the brakes and while that repair job was in progress, discovered that the left front wheel drum was cracked and suggested that a new left brake drum be installed. To do the repair work, the left front of the automobile was raised by means of a jack, and the left front wheel was removed,

326

and the nut unscrewed on which the drum assembly was held in place. When the drum was removed the brake band or lining was exposed. There was evidence that if a small amount of brake fluid or grease gets onto a brake lining or drum, upon application of the brake pedal the brake will catch and pull the automobile to one side. There was evidence on behalf of defendant that the drum and hub were clean and in good condition. An experienced brakeman who testified, made an examination of the left front wheel and braking apparatus after the accident and found a slight glaze on the left front brake lining, which he stated, must have been caused by the heat and friction of operating the brake, with a slight brake fluid leak, and which could not have been caused by the collision.

██ The evidence which showed that the brakes on the automobile operated properly before and at the time of the delivery of the automobile to the defendant Company for repairs; that the brake band was exposed during the repair work; that the only cause of the brake catching is fluid or grease on the brake bands; and that a short time thereafter a glaze was detected thereon which a competent witness testified was caused by friction or a fluid-soaked band, was sufficient evidence to justify the verdicts of the jury that there was negligence in making the repairs and in failing to properly test after repairs (Lindroth v. Walgreen Co., 407 Ill. 121, 134; Dixon v. Montgomery Ward & Co., 351 Ill. App. 75, 94; Rost v. Kee & Chappell Dairy Co., 216 Ill. App. 497). Where there is conflicting evidence it is well established that the verdict of the jury should not be disturbed if there is a reasonable basis in the record for the conclusion that there was negligence which caused the injury (Dowler v. New York, C. & St. L. R. Co., 5 Ill.2d 125, 129; Lindroth v. Walgreen Co., supra, at page 134).

The allegations of the complaint of plaintiffs charged the defendant Company with negligence in re-

pairing or adjusting the brakes on the automobile of Nadeau, so that when the brakes were applied the left front wheel of the automobile caused the automobile to pull to the left from a straight direction; and also, that the defendant having repaired and adjusted the brakes, negligently and carelessly failed to test the brakes, or improperly and inefficiently tested them and permitted the automobile to be driven from the shop by the defendant, well knowing that the automobile would be operated on the public highway by the defendant.

It is contended by defendant Company that the charge is one of specific negligence, and that while the brakes were exposed the circumstance that on the last trip only the brake drum was replaced and repaired, results in a failure to prove any of the charges of negligence made in the complaint. It appears, however, from the record that the adjustment of the brake and the subsequent replacement of the brake drum were part of a general repair of brakes and elements incident to the brakes, and that the general allegations of the complaint were sufficient under the record to establish a right of action of plaintiffs as against defendant Company. There was evidence to sustain the conclusions of the jury that there was negligence on part of defendant in handling the braking equipment of the Nadeau automobile, and that such negligence caused the injury.

██ ██ No objection on the ground of variance was made by defendant Company during the trial, and judgment would not be reversed after verdict for want of an allegation or averment, the omission of which could have been raised by motion (1955 Illinois Revised Statutes, Chapter 7, Sections 6 and 7). The ground of variance should be raised by specific objection during the trial, pointing out the variance (Williams v. Walsh, 341 Ill. App. 543, 549). Neither the motion for a direct verdict nor the motion for a

new trial raises this objection properly in the first instance (Delatine v. Kramer, 235 Ill. App. 359, 361; Linnberg v. City of Rock Island, 157 Ill. App. 527, 529).

██ There was a duty to all persons to exercise ordinary care to guard against any injury which may naturally flow as a reasonably probable and foreseeable consequence of the act. It is not dependent upon a contractual relationship between the parties, or representations or warranties (Wintersteen v. National Cooperage & Woodenware Co., 361 Ill. 95, 103; Kahn v. James Burton Co., 5 Ill.2d 614, 622). It is obvious that the verdicts are not clearly against the manifest weight of the evidence, and will not be set aside under such circumstances (Chapman v. Deep Rock Oil Corp., 333 Ill. App. 529, 537; Kahn v. James Burton Co., supra; Olin Industries, Inc. v. Wuellner, 1 Ill.App.2d 267, 271).

█ It is contended on appeal by the defendant Company that the evidence of the witness who examined the automobile after the accident was improperly admitted over defendant's objection, since the witness testified as to a condition he found three days after the collision. The record shows that a mechanic who worked for the defendant Company testified that the car was placed in the Mixon basement; that he drove the car a few feet forward and backward in the basement, applied the brakes, and that they still worked all right. This test was made on the morning following the accident. To meet that evidence the plaintiffs presented a witness who made his examination two days after the mechanic for the Mixon Company had examined the car. During all this time the car was in the Mixon Company's custody, and in a place safe from tampering. There was no affirmative evidence of any change in the condition of the car. The evidence on behalf of plaintiffs tended to disprove the validity of the mechanic's test made by the defendant Company's mechanic. Under the facts in the record, there

was no error in the admission of such testimony (Pitrowski v. New York, C. & St. L. R. Co., 6 Ill.App.2d 495, 499; Moore v. Schoen, 313 Ill. App. 367, 371).

In view of the facts in the record before us, there is no basis for disturbing the verdicts of the jury and the judgments entered pursuant thereto in favor of the Morgans, as plaintiffs, and Nadeau, as counterplaintiff. The judgments of the Circuit Court of St. Clair county will, therefore, be affirmed.

Judgments affirmed.

BARDENS, J., concurring.

I concur in the result reached in the above opinion, but do not wish the opinion to be understood as holding that evidence of some foreign substance on a brake band is, of itself, a basis for a charge of negligence. It seems to me it is a matter of common knowledge that brakes on cars may become faulty and grab when pressure is applied without there being fault on the part of anyone.

SCHEINEMAN, P. J., dissenting.

I am unable to concur in the result of this case. It seems to me there is a complete lack of evidence tending to show negligence, and that the testimony points strongly to the probable cause, which cannot be charged to the garage company.

A mechanic was called by plaintiffs to explain the operation of hydraulic brakes. He described the position of the cylinders at each wheel, and stated: "If a brake catches or pulls to one side it is usually due to either brake fluid or some sticky substance like coal or grease, or something like that on the brake lining."

Another mechanic testified that a sudden grab of brakes such as is asserted in this case, is not due to the adjustment of the hydraulic brakes, but to the intrusion of some foreign substance into the mechanism.

330

Surely brake-grabbing is not circumstantial evidence of negligence for it could happen to anyone that a drop of brake fluid might fall so as to work into the brake lining. It is probably not unusual, although it is likely that the driver holding the wheel would not ordinarily lose control. There is nothing in the evidence to justify rejection of this possibility, and nothing to support any other conjecture.

It is undisputed that Nadeau had his brakes attended to three weeks before the accident. He was notified one drum was cracked. He drove the car for the ensuing three weeks and testified the brakes were all right. On the day of the accident he brought the car in for the sole purpose of having the cracked drum replaced, not for another brake overhaul. The mechanic who made the change testified how he cleaned the drum, that he inspected the band as well as the drum and both were clean when he put them together.

Nadeau testified that he drove slowly in traffic, and used the brakes lightly at four stops, and they worked all right. Between the last two stops he says he traveled a quarter of a mile in second gear. Then he got on the highway and attained a speed of 30 miles per hour, when he again applied the brakes and the jerk occurred, with the resultant collision. I fail to discover anything in this record of events pointing to a conclusion that a foreign substance got into the brake while in the garage, rather than while on the road.

Besides this there is other testimony more pointed. Plaintiff's attorney had caused another mechanic, who owned an independent garage, to visit the Mixon place after the accident, for the express purpose of looking for a mechanical defect that might have caused it. He testified to removing the left front wheel, finding a new brake drum, that he observed a glazed place on the brake lining, and that *there was leakage at the left*

331

*wheel cylinder.* He further stated his opinion that this condition was not caused by the head-on-collision. This is the only direct evidence of cause produced.

None of the testimony of any of the mechanics on this subject was contradicted in any way. The plain import of the whole evidence indicates that the replacement of the brake drum was not the cause of the accident, and logically indicates a drop of brake fluid caused the grabbing. No evidence supports the charges of negligence. Of course, counsel are able to conjecture other possible causes of the brake condition found after the accident, but there is not a scintilla of evidence to sustain these guesses.

Appellees cite Lindroth v. Walgreen Co., 407 Ill. 121, 134, and other cases to the effect the choice between conflicting versions of the occurrence is for the jury. But this rule is always expressly limited by the statement that "Where there is a reasonable basis in the record for concluding that there was negligence that caused the injury, it is irrelevant that fair minded men might reach a different conclusion." None of the cited Illinois cases departs from the sound principle that the evidence must show a reasonable basis for concluding that there was negligence.

The provision in the Illinois constitution preserving the right to a jury trial as it existed at common law, does not limit its application to plaintiffs. The defendant is also entitled to a fair trial as it existed at common law, under which the court would not permit a jury to fasten liability on a defendant, based only on conjecture suggested by counsel, without evidentiary support. I have full confidence in the honesty of jurors, and have observed that they eagerly seek to do justice, as a normal condition. But there will necessarily be an occasional mistake, and when that occurs, the courts ought to follow the fundamental principle of the common law, that an obviously erroneous verdict will not be permitted to stand. To depart from that prin-

332

ciple serves only to encourage groundless and vexatious litigation. I fear the present case is a departure, and for that reason I dissent.