## HARDIN v. SNYDER.

1. INSTRUCTIONS AND EVIDENCE. The ruling of the court below, based upon evidence, all of which is not in the record, will not be disturbed by the Supreme Court.

2. DEMURRER TO EVIDENCE. If a demurrer to evidence is permissible under our system of practice, it must be governed by the rules of the common law touching such demurrers.

3. SAME. It must be directed to all the evidence offered by the adverse party; and must admit, not only all the facts established by the evidence, but all the conclusions which it would conduce to prove.

*Appeal from Keokuk District Court.*

TUESDAY, JANUARY 5.

AN ordinary action upon a written contract to recover the balance of the purchase-money on the sale of certain mill premises, in which the plaintiff obtained a judgment of $959.77, and the defendant appeals.

*Negus & Culbertson* for the appellant.

*G. D. Woodin* for the appellee.

LOWE, J. The appellant complains, first, that the Court refused some of his instructions, and gave those asked by the plaintiff. It will appear from an examination of these instructions excepted to, that they were framed with reference to the stipulations of the written contract executed between the parties, or else with direct reference to the evidence which had been introduced. The ruling of the Court upon those based upon the contract seems so manifestly correct that we do not deem it necessary to go into a detailed statement of the contract and the instructions, in order to show that the same were not erroneous. As to instructions drawn with reference to, and based upon, the evidence, we answer, that the record does not purport to contain all the evidence; but so far as it is certified to us, we discover no objections to the ruling of the Court on the same. If there was other evidence introduced on the trial which would show the action of the Court to be error in

the matter complained of, it should have been sent up with the record.

Again, by the terms of the contract, the defendant was to pay the plaintiff $1,200 for the property sold, in the following manner, namely: In store goods and groceries, &c., on demand, after the 15th day of March, 1862, at St. Louis, at the house of C. H. Tyler & Co., at wholesale prices, of any goods sold by said firm, provided the plaintiff would pay one-third of the gross amount he should take in cash. In order to effectuate this agreement it was further agreed that the defendant should furnish the plaintiff orders or contracts for the goods as above specified, on the house at St. Louis, at or before the 15th of March, 1852, upon the doing of which the plaintiff was to convey by deed the property contracted to be sold.

On the trial, the plaintiff, to maintain his action, offered in evidence the contract of sale sued on: also his deed, conveying the property sold to the defendant. The plaintiff then testified that he had received from the defendant a contract between C. H. Tyler and one Buchanan, calling for the delivery of $1,200 in goods on the payment of one-third more in cash; that he went to St. Louis and obtained thereon four hundred dollars in goods by purchasing one-third more in cash, which he did, and credited the defendant with the said $400. Afterwards he sent one Jourdan to St. Louis with the same contract to obtain the balance of the goods due on said contract from the house of C. H. Tyler & Co. For this purpose, one-third of the cash payment was tendered by the said Jourdan, and a demand of the goods made of said house, but was refused, &c.

To this evidence the defendant interposed a demurrer, as being insufficient to entitle the plaintiff to recover. The overruling of the same, in the argument of counsel, seems to be the chief ground of this appeal.

It may well be doubted whether, under our reformed sys-

Hardin v. Snyder.

tem of procedure, a demurrer to evidence was intended to be allowed in any case, but, if permissible, the demurrant should bring himself within the established rules of the common law ; for instance—a part of the evidence cannot be arrested from the jury by a demurrer, unless it embraces all the evidence offered by the same party. In this case the record fails to inform us how much more evidence was offered by the plaintiff than that which was demurred to. Again, it is the peculiar province of a jury to ascertain the truth of facts, and the credibility of witnesses, and the party ought not to be allowed, by a demurrer to evidence, or any other means, to refer the trial of such questions to another tribunal, and therefore it is that a demurrer must admit, on the record, not only the truth of all the facts, but every conclusion which the evidence offered conduced to prove. 2 Phil. Ev., 466, 467, also n. 406, p. 785, and the authorities there cited.

In the case of *Jones* v. *Ireland,* 4 Iowa, 63, this Court held the following language : " The defendant could not, by a demurrer to evidence, withdraw this question from the jury, and submit its decision to the Court. The facts must be first ascertained and found and admitted on the record, before a party can demur to the evidence. By demurring, he not only admits the truth of the facts found, but he admits every fact and every conclusion in favor of the other party, which the jury might have inferred from it in his favor. Without such admission the weight as well as the relevancy of the testimony would be referred to the Court, which is not the object of a demurrer to evidence, such object being to obtain the opinion of the Court of the sufficiency of the evidence in law to maintain the issue in fact." See, also, Gould on Pleading, 480.

In the case at bar, the defendant failed entirely to bring himself within the rule and objects of a demurrer to evidence, and it was therefore very properly overruled.

We have so often held that a demurrer to the petition was waived by pleading that no attention to this assignment is demanded. The motion for a new trial was based upon the supposed foregoing errors of law, and was justly overruled.

The judgment below is

Affirmed.