### COATES v. THE GALENA AND CHICAGO UNION RAILROAD COMPANY.

1. Practice: OBJECTION TO PLEADING: WAIVER. An objection to a pleading should be taken before trial; but where an objection is made after trial, and the adverse party asks leave to amend, and does amend, he cannot afterward insist that such amendment is unnecessary.

2. —— MOTION FOR NEW TRIAL. Where there is a verdict or finding of the court for one party, whereupon the other moves in arrest of judgment, upon the ground of defects in the pleadings, and thereupon, in order to cure the alleged defect, an amended pleading is filed, and additional evidence submitted in support of the new allegation, to which a demurrer is interposed, and is sustained by the court, and the judgment against the defendant is arrested, and one is entered against the plaintiff for costs, a motion for a new trial is not necessary in order to present exceptions duly taken on appeal.

3. Pleadings: DENYING CORPORATE CAPACITY. Under §§ 2923, 2925 of the Revision of 1860, an answer denying the corporate capacity of the defendant must set out a specific statement of facts relied upon as a denial; and must deny such capacity as existing at the time the action was commenced.

4. —— DEMURRER TO EVIDENCE. Before a party can demur to evidence, the facts must be ascertained, found and admitted on the record; and the demurrant not only admit every fact found, but every conclusion in favor of the other party which the evidence conduces to prove, or which the jury might have inferred from it in his favor. · Without such admission, the other party is not bound to join in demurrer; neither can the court render any judgment thereon.

### *Appeal from Marshall District Court.*

### FRIDAY, APRIL 7.

PLAINTIFF seeks to recover double the value of two steers killed by defendant. Before the justice, he recovered for the full amount of his claim; and on appeal to the District Court, there was a similar verdict. Defendant moved no arrest, because the pleadings did not show the capacity in which it was sued, whether as a corporation, copartnership, or other artificial person. Plaintiff there-

upon had leave to, and did, amend his petition, averring the corporate capacity, and introduced evidence tending to establish the same. Defendant demurred to this evidence; the demurrer was sustained; and judgment rendered against the plaintiff, notwithstanding the verdict. Plaintiff appeals.

*T. Brown* for the appellant.

*M. H. Tyrrell* and *Withrow & Smith* for the appellee. ·

WRIGHT, Ch. J.—We agree with plaintiff, that the objection to the petition should have been taken before trial.

1. PRACTICE: objections to pleadings: waiver.

Inasmuch, however, as he voluntarily asked leave to, and did amend, he must be held to the case as thus made, and is not entitled to retrace his steps and insist that such amendment was unnecessary. Nor, on the other hand, are we prepared to agree with

2. —— motion for new trial.

defendant, that plaintiff should have moved for a new trial, in order to be heard upon the main point made in this court. There was a verdict (or the finding of the court, which is the same in legal effect), in his favor. Defendant moves in arrest, and thereupon, in order to cure the defect insisted upon, plaintiff amended his petition and introduced certain evidence; to which evidence, defendant demurred. This demurrer was sustained; the judgment arrested; and defendant recovered costs. No member of the court has held a motion for a new trial necessary, in such a case, in order to present the exceptions duly taken on appeal. So to hold would, in effect, require such a motion from a plaintiff, after the sustaining of a motion for a new trial on the part of defendant. In this case plaintiff says, in effect, that the judgment was improperly arrested, and he is properly in this court to have that question examined. And in deciding it, we have but little, if any, difficulty.

Coates v. The Galena and Chicago Union Railroad Company.

In the first place, the answer denying defendant's corporate capacity is clearly not such as is required by §§ 2923 and 2925 of the Revision. There is no specific statement of the facts relied on as a denial to the general allegation of defendant's corporate capacity. Not only so, but the answer does not deny the corporate capacity at the time the action was brought. But treating these defects as waived by the introduction of evidence, we come to consider the demurrer interposed to such evidence. And here it is proper to remark that defendant answered the original petition in the name by which it was sued without objecting that it had no existence. The answer was sworn to by one Howe, who under oath, said that he was "the superintendent, general managing agent, and was an officer of the defendant named in the action." The defendant also appeared on the trial before the justice by attorney, and afterwards signed the appeal bond in the capacity in which it was sued. Under these circumstances, and in view of the character of the answer interposed to the amendment to the petition, but little if any evidence should have been required of plaintiff to prove the existence of the corporation. But it will be remembered that there was a demurrer to evidence, and it was upon this that the court found for defendant, and refused to enter judgment on the verdict.

It must be confessed that such a demurrer was interposed at an unusual stage of the action. This resulted, however, from the confused manner in which the case was submitted, and appellee certainly cannot complain if we consider it as though presented at the proper time.

Thus viewing the case, the rule is, that before a party can demur to evidence, the facts must be first ascertained and found and admitted on the record. By demurring, the truth of the *facts found* are not alone admitted, but in

*3. Pleading: denying corporate capacity.*

*4. — demurrer to evidence.*

addition thereto every fact and every conclusion in favor of the other party, which the evidence *conduces* to prove, or which the jury might have inferred from it in his favor. And without these admissions plaintiff would not be bound to join in demurrer, and even if he should, the court can pronounce no judgment thereon. (*Jones* v. *Ireland,* 4 Iowa, 63; Gould Pl., 480, 487; *Hardin* v. *Snyder,* 15 Iowa, 460.)

In the case before us these rules were either entirely disregarded or overlooked, and for this if for no other cause, the action of the court was erroneous. Did the case require it we might go further and show that from the testimony, aside from any aid from admissions or presumptions, the court erred in refusing to render judgment on the finding.

The above view, however, sufficiently disposes of the case, and it will therefore be remanded with instructions to enter judgment in accordance with the verdict or finding.

Reversed.