## HALFERTY *v.* WILMERING.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF IOWA.

Argued December 2, 1884.—Decided January 5, 1885.

In Iowa, a general denial by a defendant, in an action on a contract, of each and every allegation in a petition which sets forth the contract and avers

that the plaintiff had duly performed all the conditions on his part to be performed, admits the performance of a condition precedent in the contract that the plaintiff should deposit a sum of money for his faithful performance thereof.

The facts that make the case are stated in the opinion of the court.

*Mr. Galusha Parsons* for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Matthews delivered the opinion of the court.

The plaintiff in error, who was plaintiff below, sued to recover damages for an alleged breach of a written contract, entered into at Chicago, for the sale and delivery of 1,000 hogs, to average 250 pounds or over, to be delivered at Plattsburg, Missouri, in the month of December, 1876, at the seller's option, at $4.50 per hundred gross weight. The contract contained the following clause:

"Each party hereby agrees to deposit one thousand dollars ($1,000) each in the Union Stock Yard National Bank for the faithful performance of the above contract, the thousand dollars to be forfeited to the party who fails to perform his part of the contract."

The petition, setting out the cause of action, alleged that "the plaintiff duly performed all the conditions upon his part to be kept and performed."

The answer stated that the defendant "denies each and every allegation in said petition, and the three several counts thereof contained as fully and to the same purpose and effect as though each special allegation were herein specifically put in issue."

On the trial it was claimed by counsel for the plaintiff that the deposit of money, specified in the contract, was not a condition precedent to the right of recovery; but that if it was, its performance by the plaintiff was admitted upon the face of the pleadings. The court was requested so to instruct the jury, and its refusal to do so is now alleged as error.

The obligation to make the stipulated deposit rested upon each party, as one of the terms of the agreement, so that to charge

the other with a default, it became necessary to allege and prove performance, or some legal excuse for non-performance. And if the National Bank, specified in the contract, refused to become the depository for the purposes of the agreement, none other could be substituted without the consent of both parties. This is the plain meaning of the stipulation. It is one the parties had a right to make; and their agreement on the subject is the law of the case.

The denial in the answer of each and every allegation in the petition would certainly seem, as far as words are concerned, to put in issue the performance in this respect, as in every other, on the part of the plaintiff, alleged in the petition.

But counsel for the plaintiff in error contends that such is not its legal effect under the Code of Iowa, which also regulates the pleading and practice in such cases in the courts of the United States sitting in that State.

By § 2715 of the Iowa Code, it is provided that, "in pleading the performance of conditions precedent in a contract, it is not necessary to state the facts constituting such performance, but the party may state, generally, that he duly performed all the conditions on his part;" and § 2712 enacts that every material allegation in a pleading not controverted by a subsequent pleading shall, for the purposes of the action, be deemed true.

§ 2717 is as follows:

"If either of the allegations contemplated in the three preceding sections is controverted, it shall not be sufficient to do so in terms contradictory of the allegation, but the facts relied on shall be specifically stated."

The two other sections referred to are §§ 2714 and 2716, the latter of which provides that, "a plaintiff suing as a corporation, partnership, executor, guardian, or in any other way implying corporate, partnership, representative, or other than individual capacity, need not state the facts constituting such capacity or relation, but may aver generally, or as a legal conclusion, such capacity or relation; and where a defendant is held in such capacity or relation, a plaintiff may aver such capacity or relation in the same general way."

The application of the rule prescribed in § 2717 to the cases described in § 2716, has several times been considered and adjudged by the Supreme Court of Iowa. In the most recent of them, to which our attention has been called, *Mayes, Adm'r*, v. *Turley*, 60 Iowa, 407, the plaintiff averred in his petition that he was the duly appointed, qualified and acting administrator of the estate, &c. The defendants' answer said, they denied each and every allegation in said petition contained. It was held by the court that the jury should have been instructed that, the denial being insufficient, they could not take notice of it, and they should therefore consider it admitted that the plaintiff was duly appointed and qualified administrator.

So in *Stier* v. *The City of Oskaloosa*, 41 Iowa, 353, it was held that a bare denial, in the answer, of the averment in the petition, that the defendant was a corporation, does not put that fact in issue.

To the same effect are the following cases: *Coates* v. *The Galena and Chicago Union Railroad Co.*, 18 Iowa, 277; *Blackshire* v. *The Iowa Homestead Co.*, 39 Iowa, 624; *Gates* v. *Carpenter*, 43 Iowa, 152.

No distinction can be drawn between the application of the rule to the cases mentioned in § 2716 and that specified in § 2715; and upon such a question we feel bound to adopt the construction of the State Code which has been established by the decisions of the Supreme Court of Iowa.

It follows, therefore, that the Circuit Court erred in its instruction to the jury that the alleged performance, on the part of the plaintiff below, of the condition of the contract which required a deposit of money in the Union Stock Yard National Bank, was a matter in issue and requiring proof; and in not instructing them, as requested by the defendant, that it was to be taken as a fact without proof, upon the admission in the pleadings.

For this error,

*The judgment of the Circuit Court is reversed, and the cause remanded, with instructions to award a new trial.*