## Madeline Huling v. Century Publishing and Engraving Co.

1. CONTRACTS—*Whether Written or Verbal.*—A written proposition made by one party to another, when accepted and acted upon by the latter, becomes a written contract, binding as such upon both parties.

2. EVIDENCE—*Errors Waived by Objecting Party Examining Witnesses on Same Subject.*—Error in the admission of evidence is waived by the objecting party subsequently examining other witnesses on the same subject.

Assumpsit.—Appeal from the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

W. R. HUNTER and S. R. MOORE, attorneys for appellant.

BERT L. COOPER, attorney for appellee.

A written contract may possess the element of mutuality although the evidence which makes it a binding obligation on one of the parties is *dehors* the writing, as evidence of its acceptance or fulfillment. Parsons on Contracts, * 451; Plumb v. Campbell, 129 Ill. 101; Memory v. Niepert, 131 Ill. 623.

An agreement is not rendered any the less " a contract in writing," by the fact that its acceptance, fulfillment or other matter necessary to make it obligatory on one of the parties must be established by oral evidence. Memory v. Niepert, 131 Ill. 623; Plumb v. Campbell, 129 Ill. 101; Illinois Central R. R. Co. v. Johnson, 34 Ill. 389; Ames v. Moir, 130 Ill. 582; Hart v. Otis, 41 Ill. App. 431.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an action of assumpsit brought by the Century Publishing and Engraving Company against Madeline E.

Huling. Plaintiff declared upon a written contract, and added the common counts. Defendant pleaded the general issue. There was a jury trial, and a verdict and a judgment for plaintiff for $300. Defendant appeals.

Defendant signed and delivered to plaintiff the following instrument:

"(To be engraved in the style of Emory Cobb but to have a larger vignetted background.)

ENCYCLOPEDIA OF BIOGRAPHY OF ILLINOIS.

To be bound in full morocco and illustrated with fine steel plate and copper plate engravings.
113.

The Century Publishing & Engraving Co., Chicago.

Please execute for me a Steel Plate Engraving of Truman Huling, Dec., (from photograph which I agree to furnish within thirty days 'from date) and upon receipt of proof impression from the plate I promise to pay you or your order the sum of three hundred dollars ($300).

I hereby authorize you to print, copyright and insert the required number of impressions in volume III Encyclopedia of Biography of Illinois, after which the plate is to be sent to my address.

N. B.

Date, March 30, 1902.

| All orders for engraving are due and payable upon receipt of proof. Book subscriptions are payable on delivery of the volume. | Name,    Madeline E. Huling, Address,    279 Dearborn Ave., Kankakee. |

E. S. Glover, Associate Editor, Agent."

There was also on the back thereof, when received at plaintiff's office, in Chicago, the following indorsement, proved to have been in the hand of E. S. Glover, an agent of plaintiff authorized to enter into such arrangements for plaintiff, to wit: "One dozen proof prints to be given with this contract free. - E. S. Glover." The court sustained an objection by defendant to said indorsement. Plaintiff accepted the proposition so tendered by defendant, prepared a steel plate engraving of Truman Huling, deceased, did many things to make the engraving conform to defendant's wishes, and in all respects complied with

what the written proposition required to be done by plaint-
iff, unless the engraving was not as artistic and excellent
as was called for by the written proposition.    Defendant
refused to pay the $300.

The first point in dispute is whether the arrangement
between the parties was a written or an oral contract.
Under the principles laid down in Plumb v. Campbell, 129
Ill. 101, Ames v. Moir, 130 Ill. 582, and Memory v. Niepert,
131 Ill. · 623, this was a written proposition, and when
accepted and acted upon by plaintiff it became and was a
written contract, binding as such upon both parties.

It is argued the court erred in admitting oral proof of
the contents of a letter said to have been written by defend-
ant to plaintiff, without sufficient proof of its loss or destruc-
tion.    Defendant did not abide by her exception to the
ruling of the court, but herself offered oral proof of the
contents of the letter, and we think she thus waived her
exception.    She can hardly give oral proof of its contents
herself, and still urge it was error to admit oral proof
thereof.    Her version did not materially differ from that
given by plaintiff's witness.    The letter only showed defend-
ant objecting to the proof sent her, and asking for certain
alterations, and the other correspondence introduced and
all the oral proof was in agreement that she did object at
every stage of the transaction after the first proof was sub-
mitted, and did call for various alterations at different
times.    Regardless of the question whether a sufficient
foundation was laid for oral proof of the contents of this
letter, we hold the objection was waived, and the oral proof
so admitted was not harmful to defendant.

Defendant testified that she delivered two photographs
of Mr. Huling, marked exhibits B and G, to the agent who
took the order, and intrusted him to make the steel plate
engraving from exhibit B, except the mouth, and to make
the mouth from exhibit C.    Defendant called I. W. Powell
as a witness, who testified he was a photographer and had
been since 1888; that he had examined and enlarged steel
engravings in different ways and at different times; that

he had been in the enlarging business and had teams on the road for over nine years; that he had never been in the business of making steel plate engravings, nor made a study of it, and knew nothing about how the work of making steel plate engravings was done except what he had read in photographic journals. He was then shown said photograph exhibit B, and the last steel plate engraving plaintiff submitted to defendant, and was asked to state whether in his opinion and judgment the steel plate engraving was a fairly correct representation of the photograph, with the exception of the mouth. The court sustained an objection to this question. The witness had shown that he was not an expert on steel plate engravings. Further, the contract did not require that the engraving should be a fairly correct representation of the photograph. What the contract required was that the engraving should be made from a photograph defendant was to furnish, and that the picture should be engraved in the style of an engraving of Emory Cobb, but to have a larger vignetted background. There is no proof in this record that a steel plate engraving can be so made as to be " a fairly correct representation of a photograph." No doubt plaintiff was bound to make a steel plate engraving which should be a fairly correct representation of Mr. Huling's features and expression, engraved in the style of the engraving of Emory Cobb, and its artists were to derive their information solely from the two photographs, and the engraving of Mr. Cobb. But this question, which made no reference to the engraving of Mr. Cobb, was, we think, improper.

While it is possible to so construe instructions numbered one and three, given for plaintiff, as to make them leave it to the jury to decide whether there was a written contract between the parties, yet that was not their purpose. The first told the jury that if plaintff had complied with all the conditions of the contract to be performed by it, and defendant had not performed her part, they should find for plaintiff. The third was that the measure of damages, if any, was the sum called for by the contract, and was not the

worth or value of the services to be rendered, or articles to be furnished by plaintiff. These instructions were correct upon those points. If they incorrectly left it to the jury to determine whether there was a written contract, yet as there was a written contract, and the jury decided that way, no harm was done by any such inaccuracy. Defendant's instruction number six, refused, was inaccurate, and so far as it was correct it is embodied in instruction number two, given at defendant's request. Defendant's refused instruction number seven sought to impose requirements not contained in the written contract.

We see no reason for disturbing the conclusion of the jury upon the controverted question of fact. The judgment is therefore affirmed.