Thomas Podlaski, Appellee, v. Adolph Bender et al., Appellants.

Gen. No. 14,600.

DAMAGES—*what not proof of.* An estimate of profits by an interested witness does not constitute such evidence as will support a judgment for damages.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed October 7, 1909.

**Statement by the Court.** This is an action in assumpsit brought originally before a justice, from whose judgment an appeal was taken to the Circuit Court of Cook county. In the latter court a jury returned a verdict in favor of the plaintiff for $200, upon which judgment was rendered, from which judgment this appeal is prosecuted.

Appellee in 1904 purchased certain saloon fixtures of the defendants, and paid for them. It is claimed, however, that they were delivered in bad condition, that a "brass arm railing" was missing and that the ice-box was in broken condition with parts wanting.

There is evidence in appellee's behalf to the effect that appellants agreed at the time they sold the goods to put them up in good order in appellee's store; that no one having appeared to do the work appellee called on appellants and was told a carpenter would be at his place of business for that purpose the next day; that no one came, however, and that appellee again called at appellants' store and was again promised that the carpenter would be at his saloon the next day; that appellee called on appellants a number of times and was finally told to hire a carpenter himself, and that he obtained one after waiting fourteen days. He testifies that he paid the carpenter $25 and paid over three dollars to replace seven new locks which were missing, and that he did no business during the fourteen days.

Over appellants' objection appellee was allowed to state what rent he was paying for the saloon, what wages he paid his barkeeper and porter, and that his profits would have been about eight dollars a day during the period he was "delayed by this furniture not having been delivered." He was also permitted to state over objection that he paid $500 for his license.

Appellants' evidence is to the effect that there was no agreement as to when the fixtures were to be delivered, that they were all put in good shape before they left appellants' place of business and were delivered as soon as ready; that appellee was never told to hire a carpenter nor that he would be paid for having the fixtures put up.

D'ANCONA & PFLAUM, for appellants.

ARTHUR W. McGOVNEY and CHAUNCEY M. MILLAR, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is apparent appellants' contention that the trial court erred in admitting evidence as to appellee's esti-

mated profits during the fourteen days and the wages of his employes is well taken. The actual question to which appellants' objection was overruled was, ''Can you state what your profits were per day during the period that you were delayed by this furniture not having been delivered?'' and the answer was ''Eight dollars a day.'' Clearly this question as put was entirely irrelevant from every point of view. It appears to have been assumed that the question was intended to ascertain what the witness supposed or believed his profits would have been had the fixtures been in place during that time. Giving it such an interpretation the evidence was still improper. On cross-examination appellee testified that he took in an average of $20 a day in September, 1904, upon which his profit was eight dollars a day after paying all expenses. In Green v. Williams, 45 Ill. 206, 209—an action on a covenant of a lease—it is said that a party ''is not entitled to recover profits she might have made by conducting her business on the demised premises. Such damages are too remote, speculative and incapable of ascertainment.'' In Chapman v. Kirby, 49 Ill. 211, 218—an action on the case and not on contract—evidence was admitted to show the extent of appellee's business and profits during the six months previous to the act complained of, and it was held that compensation for such profits as would have been so made could be recovered in that form of action, although the precise extent of the damages could not ''be shown by demonstration,'' but could ''be ascertained with a reasonable degree of certainty.'' In Benton v. Fay, 64 Ill. 417, 422—a suit to recover damages for non-delivery of a machine—the court said that ''no evidence should be received as to probable profits, as they would be purely speculative,'' distinguishing the case from Chapman v. Kirby, *supra*. In Ill. & St. L. R. R. & Coal Co. v. Decker, 3 Ill. App. 135, 140—an action of tort—the profits of a month were adopted by the trial court as a basis for estimating

the loss of profits the "appellee would have probably realized from his business if he had been permitted to carry it on to the extent of the lease." The court said: "A month is adopted as a standard where but one has elapsed. Certainly this could not be adopted as a measure which could with reasonable certainty guide the jury in the calculation of profits," and that the testimony in regard to profits should not have gone to the jury. And it was held that an instruction which told the jury "that in assessing damages they could take into consideration such profits as the appellee would have probably realized from his business if he had been permitted to carry it on to the extent of his lease" * * * "sent the jury into the fields of conjecture and speculation to determine the amount of damages they should give appellee."

We have referred to the above cases because appellee seems to rely upon them as supporting the judgment. We are of opinion that, as said in Central Coal & Coke Co. v. Hartman, 111 Fed. Rep. 96, 102, "the basis of this judgment is nothing but the guess of an interested witness," mere conjecture and affords no substantial evidence justifying a judgment of such amount.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*