**Steve Salaban, Appellant, v. East St. Louis and Interurban Water Company, Appellee.**

Opinion filed March 6, 1936.

T. A. O'CONNOR, of East St. Louis, for appellant.

FARMER, KLINGEL & BALTZ, of Belleville, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This was an action on the case for damages claimed by appellant against appellee for failure and refusal of appellee to furnish him water, whereby he lost his business as a restaurant and rooming house keeper.

On October 11, 1929, Steve Salaban, plaintiff, appellant, was engaged in the business of keeping a rooming house and running a restaurant at 251 North 3rd street, East St. Louis, Illinois. He made application to the East St. Louis & Interurban Water Company, a Public Utility Corporation, furnishing water to East St. Louis, Illinois, under and by virtue of its franchise from the City of East St. Louis, Illinois, and the rules, orders, and decrees of the Illinois Commerce Commission subject to a federal injunction, enjoining the Illinois Commerce Commission from attempting to establish lower rates for water furnished by the East St. Louis & Interurban Water Company than the rates then in existence.

Appellant did not pay his water bill for the months of September, October and November, 1931. There was some controversy and some conferences between appellant and the employees of appellee over the amounts of the bills for those months and also over the

question as to whether there were water leaks on the premises occupied by appellant. Appellee caused an inspection to be made of the pipes on the premises and a report was returned that there was a leak of water. Appellant controverts this report and claims that independent inspection and tests were made by him and also by a plumber and that no leaks were to be found.

Some time in the month of November, 1931, appellant went away to Chicago and did not return until the seventh of the following month. In the meantime there had accrued a water bill of $15.90 for water furnished to the premises and as it was not paid, the water was shut off. On or about the 8th of December, 1931, appellant paid this bill and demanded that he again be supplied with a water meter and water service. Appellee refused this request until appellant should make his pipes free from leaks. After this each party apparently elected to stand upon the position taken by him,—the appellee that it was acting within its rights under the rules and regulations of the Illinois Commerce Commission in refusing to resume business relations with appellant until his water pipes were repaired, and the appellant insisting that his pipes needed no repairs. This status continued until June 24th when appellee placed another meter on the premises and made water available there. It is for this period of time that appellant claims damages for the reasons above indicated. The only count which is at all in harmony with the evidence is the 3rd amended count which charges that appellant was damaged while he was in the rightful use, possession and control of the premises in question. To this count appellee filed a plea of the general issue,—the pleadings whereby an issue was made being under the Practice Act of 1907. At the close of appellant's evidence the court peremptorily instructed the jury to find defendant appellee not guilty. Judgment was entered upon the finding against plaintiff appellant for costs of suit. Appellant

has appealed to this court. Appellee has moved to dismiss the appeal under Rule 39 of our Supreme Court rules for failure of appellant to advise this court anywhere in the record of the errors he relies upon for reversal. This motion might with propriety be allowed as the record before us is clearly subject to that criticism. We have, however, elected to discuss the merits of the case.

In order for appellant to have had his case submitted to the jury it was incumbent upon him to produce evidence which, regarded in its most favorable light to him, fairly tended to show (1) that his trade left him because of lack of water supply; (2) that he was damaged thereby; (3) proof of actual damages and (4) that he was guilty of no conduct which contributed to his damages, if any. We have looked in vain for any proof fairly tending to prove the first of these propositions. It might have been for want of water; it might have been on account of poor management; it might have been on account of changes in conditions. Many persons and corporations lost their entire business during a period of time of which the time in question here formed a part. But judgments cannot be rendered upon what might have been. There must be some proof fairly tending to establish the fact alleged.

The second proposition must, of course, be governed by our holding as to the first. So, likewise, must the third be governed; and in addition, it is subject to another most serious objection even were we to hold otherwise as to the first and second. The damages sought to be shown here are of a highly speculative character, and without foundation upon which to base them.

Profits cannot be recovered as an element of damages where they are speculative, contingent or uncertain (17 C. J. 910). Where the profits claimed are merely speculative or remote, and not capable of being correctly ascertained under the recognized rules of

evidence, they have been invariably denied by the courts (13 Cyc. 50).

An estimate of profits by an interested witness does not constitute such evidence as will support a judgment for damages. (*Podlaski v. Bender*, 150 Ill. App. 312.) The evidence here is that appellant had made as high as $350 per month out of his business. This is his testimony standing alone, uncorroborated by statement, exhibit or circumstances.

The loss of probable profits constitutes no part of the general damages. Such damages are too remote. (*Green v. Williams*, 45 Ill. 206.) There may be no recovery of damages which are remote, imaginative, conjectural, speculative or contingent. Damages which are merely possible are speculative. (8 Thompson on Negligence, sec. 7195; 6 Thompson on Negligence, sec. 7202.)

The fourth proposition, while not necessary for a decision of this case, may be noticed particularly in connection with the claim for vindictive damages. For six months or more appellant gave no notice to appellee that he had made the improvements requisite to receiving their service. He made no demand or even a request that they again assume business relations with him. One may not sit idly by and see himself damaged without raising a hand to prevent it and then claim that such damages came about through the neglect or wrongdoing of the other fellow. Neither can we quite understand how one would sit by and see a business worth $350 per month leaving him without making some effort to prevent it. This is even more forcible in reference to vindictive damages. The law does not allow a recovery for damages which might have been prevented by reasonable efforts on the part of the person injured. (White Supplement to Thompson on Negligence, sec. 7209.)

Appellee had a right under its rules and regulations to shut off appellant's water supply until he complied

with its reasonable request to make such improvements as its investigation showed to be necessary. Having failed to comply with such request he cannot now be heard to say, for that reason alone, that he was damaged by the unlawful conduct of appellee.

The trial court rightly took this case from the jury and entered judgment against appellant for costs, and its judgment is affirmed.

*Judgment affirmed.*