Raymond Moore, Appellee, v. Sidney R. Schoen and Phil Krout, Copartners, Trading as The Marian Petroleum Company, Appellants.

Opinion filed March 2, 1942.

FRANK E . TROBAUGH and STEPHEN E. BRONDOS, both of West Frankfort, for appellants on appeal only.

R. W. HARRIS and STONE & FOWLER, all of Marion, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

Raymond Moore, plaintiff appellee (hereinafter designated as plaintiff), filed his suit in the circuit court of Williamson county, in an action at law, against Sidney R. Schoen and Phil Krout, copartners, doing business as The Marian Petroleum Company, defendants appellants (hereinafter designated as defendants), for breach of a written contract, by the terms of which defendants agree to sell to the plaintiff, for

two years all of his requirements of oils, gasolines, lubricants and other products, which said plaintiff might offer for sale to his customers. Plaintiff was to operate a tank-wagon route between certain towns in Williamson and Saline counties. Defendants operated a bulk plant in DeSoto, Illinois, and sold their products wholesale and retail. By the terms of the contract, plaintiff was to buy exclusively from defendants all of his requirements of oils, gasoline, lubricants, and other products, for which he was to pay cash on delivery at the prevailing resale price at which defendants offered said merchandise for sale. The contract was subject to termination by either party giving notice in writing to the other, plaintiff by giving a 10-day notice and defendants by giving a 60-day notice.

The complaint filed by plaintiff avers the execution of the contract; that plaintiff entered into and upon the work and performed all of the things required of him, under the contract; that defendants on or about the 6th of June, 1940, attempted to cancel said agreement and gave oral notice that they would not be bound thereby, and thereafter refused to be bound by the terms of said agreement, and that plaintiff was wrongfully deprived of large sums of money which he would have received under the agreement. The answer admitted the contract and denied generally the other allegations of the complaint. The answer did not allege facts showing wherein there was a failure of plaintiff to perform his part of the contract.

The case was tried by jury and verdict in the sum of $3,900 was returned. Upon motion for new trial being filed by defendants, the court ordered a remittitur in the sum of $1,900 within one week and upon plaintiff's failure to enter same, new trial was ordered. Plaintiff entered his remittitur of $1,900, and the court thereupon denied defendants' motion for new trial, and rendered judgment against defendants in the sum of $2,000. From this judgment defendants prosecute their appeal to this court.

It is defendants' theory, that the evidence introduced established the fact that plaintiff was in default under the contract, in that he did not pay cash for the merchandise obtained when he secured it, as required by the contract, hence was not entitled to recover. Much space is devoted, in defendants' argument to evidence showing, or tending to show that certain of plaintiff's checks were returned on account of insufficient funds. It will serve no useful purpose for us to discuss this phase of the evidence. Rule 13 of the Supreme Court provides: "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege generally that the party performed all the conditions on his part; if the allegation be denied the facts must be alleged in connection with such denial showing wherein there was failure to perform." The defendants in their answer, did not comply with this rule. In their attempted denial of the allegation that conditions precedent had been performed, they failed to allege facts showing wherein there was a failure to perform. A denial of performance of conditions precedent which does not comply with such a rule must be treated as an admission. *Enloe v. American Family Protection, Inc.,* 291 Ill. App. 623, 9 N. E. (2d) 728 (Abst.); *Halferty v. Wilmering,* 112 U. S. 713, 28 L. Ed. 858. It necessarily follows that the defendants are not in a position to contend that proof is lacking, with reference to performance of conditions precedent, which must be deemed admitted under the pleadings.

It is assigned as error that the trial court erred in permitting evidence to be introduced as to damages at variance with, and different from the contract alleged in the complaint. The gist of counsel's argument in that regard is, that the contract contained a "cash on delivery" clause, whereas the contract proved contained a consignment delivery arrangement. Plaintiff testified, without objection, that some time in April, he would get the merchandise, sell it and turn the money

and tickets over to defendants and they would pay him at the end of every ten days or two weeks and that this procedure was followed until June 5th. Plaintiff's Exhibits 2, 3, 4, and 5, which showed plaintiff's commissions, in this phase of the transaction, were admitted without objection. Later on, in the testimony of plaintiff, this matter of the change of method of payment was gone into again, and objection made by counsel for defendants. There was no express ruling on this objection by the court, and no motion to strike the previous testimony in the record. In order to avail defendants of a material variance between the allegation and proof, the testimony should have been objected to, at the time it was offered and the variance pointed out. *Illinois Life Association v. Wells,* 200 Ill. 445, 453; *Fox v. Starr,* 106 Ill. App. 273, 275; *Linquist v. Hodges,* 248 Ill. 491; *Reavely v. Harris,* 239 Ill. 526. Furthermore, the defendants introduced testimony, on the part of the witness Schoen, going to the same proposition. Error is waived in the admission of the other party's evidence when the objector produces evidence or examines other witnesses on the same proposition. *Huling v. Century Publishing & Engraving Co.,* 108 Ill. App. 549; *Kuhn v. Eppstein,* 239 Ill. 555 *Whalen v. Stephens,* 193 Ill. 121; *Moyer v. Swygart,* 125 Ill. 262. We think the trial court's conclusion on this proposition was correct when he said that there was not so much a change in contract as in the method of payment.

It is also assigned as error that the trial court erred in giving instructions which had been interlined without striking out completely the part intended to be deleted. It is not urged that the instructions so given, do not present a correct statement of the law. In none of the cases cited by defendants was the interlineation, in itself held to be ground for reversal. Some of the cases do not approve the practice, but it alone is not reversible error.

The contention is made on behalf of defendants that there was no sufficient allegation and proof of loss of profits, upon which damages could be rightfully predicated. The complaint alleges that by reason of the defendants' breach, "the plaintiff has been wrongfully deprived of large sums of money which he would have received under said agreement—" which we believe to be a sufficient allegation, upon which to base proof of loss of profits.

With reference to the question of proof of loss of profits, counsel for defendants cite the case of *Salaban v. East St. Louis & Interurban Water Co.*, 284 Ill. App. 358. In that case the court held that where plaintiff attempted to collect damages predicated upon failure of defendant to furnish water for his place of business, plaintiff had to show among other things, that this trade left him on that account; that his loss might have been from want of water, it might have been from poor management, or on account of changes in conditions, hence he was not entitled to recover. We find no such elements of speculative profits, in the instant case. A recovery may be had for prospective profits, when there are any criteria by which probable profits can be estimated with reasonable certainty. *Barnett v. Caldwell Furniture Co.*, 277 Ill. 286; *Landis v. Wolf*, 206 Ill. 392; *Illinois Cent. R. Co. v. Byrne*, 205 Ill. 9. On the trial of the instant case the amount of sales and profit therefrom, made by plaintiff for three full months prior to the severance of contractual relations between the parties was proved as a basis upon which to estimate his probable profits in the future. We find no merit in the contention of defendants, that there was no sufficient allegation and proof of loss of profits.

With reference to whether or not the contract was breached by defendants, that was a factual question which the jury decided affirmatively, and that finding, being supported by the evidence, should not be disturbed on appeal. *Barnett v. Caldwell Furniture Co.*,

*supra; Lewy v. Standard Plunger Elevator Co.,* 296
Ill. 295. Plaintiff testified that one of the defendants,
Schoen, told him that they would not let plaintiff have
any more of their products, that defendants had their
own truck and were going to take over the route. While
Schoen denies this, plaintiff is corroborated by the wit-
ness Bowlin. In the matter of the refusal on the part
of defendants to let plaintiff have any more of their
products, plaintiff is corroborated by the witness
Emery. There is some evidence to the effect that de-
fendants did take over at least a part of plaintiff's
route. On this record, we are not inclined to disturb
the finding of the jury. Other points have been raised
in the briefs, but we do not think it necessary to discuss
them.

We do not feel constrained upon assignment of cross
error by plaintiff, to disturb the entry of the remittitur
by the trial court. Finding no reversible error in the
record, the judgment of the lower court will be af-
firmed.

*Affirmed.*