GENERAL CAPITAL CORPORATION,
an Ohio corporation, Plaintiff,

v.

U. S. FAMILY SPORTING GOODS, INC.,
a Delaware corporation, et al.,
Defendants.

U. S. FAMILY SPORTING GOODS, INC.,
a Delaware corporation, Counter-Plaintiff,

v.

GENERAL CAPITAL CORPORATION,
an Ohio corporation, Counter-Defendant.

No. 72 C 862.

United States District Court,
N. D. Illinois, E. D.
Nov. 8, 1972.

Victor G. Savikas, Chicago, Ill., for plaintiff.

John B. Lampe, Lake Forest, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on defendants' motion to strike and dismiss the Complaint.

The plaintiff, General Capital Corporation, an Ohio corporation, filed a complaint against the defendants, U.S. Family Sporting Goods, a Delaware corporation; U.S. Distributing, Inc., a Virginia corporation; and William H. Rentschler,

a resident of the State of Illinois. Jurisdiction is alleged to rest on diversity of citizenship pursuant to 28 U.S.C. § 1332.

The plaintiff's First Amended Complaint alleges that the defendants breached an Agreement and Promissory Note between the parties dated December 31, 1971. The plaintiff alleges *inter alia*, the following facts:

1. On or about December 31, 1971 plaintiff sold all outstanding stock of U.S. Distributing, Inc. (hereinafter U.S.D.) to U.S. Family Sporting Goods, Inc. (hereinafter "U.S. Family").

2. U.S. Family paid plaintiff $200,000 and signed a promissory note in the amount of $827,000.

3. To secure the payment of the note and other obligations of U.S.D. and U.S. Family, defendant U.S. Family pledged all outstanding U.S.D. stock to plaintiff.

4. Mr. Rentschler, President of U.S. Family and U.S.D., knew the terms of the Agreement between plaintiff and U.S.D. and U.S. Family.

5. Mr. Rentschler, despite such knowledge, intentionally interfered with the contractual relationship between plaintiff and U.S.D. and U.S. Family by:

 a. Appropriating in excess of $100,000 from the assets of U.S.D. for his own use;

 b. Causing other funds to be diverted from U.S.D. and used for other corporations owned or controlled by him.

6. The acts of Mr. Rentschler caused dissipation of the assets of U.S.D.

7. The acts of Mr. Rentschler lessened the value of collateral held by plaintiff.

8. The acts of Mr. Rentschler resulted in U.S.D. and U.S. Family breaching the agreement between plaintiff and U.S.D. and U.S. Family.

9. U.S. Family and U.S.D. breached this Agreement by:

 a. Advancing large sums of money to their officers in violation of paragraph 7(L) of the Agreement;

 b. Defaulting in payments due under a certain note in violation of the Agreement.

The defendant in support of his Motion to Strike and Dismiss the Complaint contends:

1. That this Court lacks jurisdiction as to all defendants and that venue is not proper in this judicial district.

2. That Counts IV and V of the Complaint failed to state a claim against the defendant William H. Rentschler.

This Court is not persuaded by the defendants' arguments and is of the opinion that jurisdiction and venue in this Court are proper and that the plaintiff stated a cause of action against William H. Rentschler in Counts IV and V.

## I. *This Court has Jurisdiction and Venue is Proper in this Judicial District*

### A. *Jurisdiction*

█ Both parties have agreed that, for the purpose of this motion, facts well pleaded must be taken as true.

28 U.S.C. § 1332 provides as follows:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States"

Subsection (c) provides:

"For the purposes of this section . . . a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The following table based on a reading of the First Amended Complaint indicates that there is the requisite diversity required for jurisdiction under 28 U.S.C. § 1332:

| COUNT | CITIZENSHIP OF PLAINTIFF | CITIZENSHIP OF APPLICABLE DEFENDANT |
|---|---|---|
| I | Ohio and District of Columbia | U. S. Family Sporting Goods, Inc.—Delaware and Illinois |
| II | Ohio and District of Columbia | U. S. Family Sporting Goods, Inc.—Delaware and Illinois |
| III | Ohio and District of Columbia | U. S. Distributing, Inc.—Virginia |
| IV | Ohio and District of Columbia | William H. Rentschler—Illinois |
| V | Ohio and District of Columbia | William H. Rentschler—Illinois |

As the plaintiff and no defendants are citizens of the same state, there is complete diversity. Therefore, jurisdiction based upon 28 U.S.C. § 1332 does in fact exist.

B. *Venue*

██ Venue is governed by 28 U.S.C. § 1391(a) and (c).[1] Rentschler is a citizen of Illinois; U.S.D. and U.S. Family both do business in Illinois;[2] and U.S. Family has its principal place of business in Chicago, Illinois. Since all defendants reside (as defined by § 1391(c)) in the Northern District of Illinois, venue is proper in this Court.

II. *Counts IV and V of the Complaint State a Cause of Action Against William H. Rentschler*

██ The plaintiff's theory in Count IV is that defendant Rentschler intentionally and tortiously interfered with the contractual relationship existing between the plaintiff and U.S.D. and U.S. Family. The essential elements of the tort of intentional interference with contractual relations are: (1) defendant's knowledge of the existing contract; (2) the inducement to breach said contract; (3) subsequent breach by the third person; and (4) damages to plaintiff. Republic Gear Company v. Borg-Warner Corporation, 406 F.2d 57 (7th Cir. 1969). An examination of the facts as set forth in Plaintiff's First Amended Complaint indicates that all essential elements have been properly pleaded.

 William Rentschler cannot escape liability for his alleged intentional tortious acts by reason of his being a shareholder, officer, and director of U.S. Family or officer and director of U.S.D. It is well settled that executive officers of a corporation incur individual and

---

1. § 1391 provides as follows:

"(a) A civil action wherein jurisdiction may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

\* · \* \* \* \*

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business and such judicial district shall be regarded as the residence of such corporation for venue purposes."

2. William H. Rentschler in a deposition taken July 24, 1972 stated that both defendant corporations which he headed did business in Chicago, Illinois:

"Q. Where are the administrative offices of U. S. Distributing?

A. They are divided. I, as president, headquarter at 134 South LaSalle Street in Chicago. Norman Berson is the executive vice president of U. S. Distributing and headquarters in Norfolk, Virginia.

Q. And the address of U. S. Family?

A. 134 South LaSalle Street, Chicago."

personal liability for wilfully and maliciously inducing their company to breach its contract with another corporation. W. P. Inverson & Company v. Dunham Manufacturing Co., 18 Ill.App. 2d 404, 152 N.E.2d 615 (1958). See also, Mellor v. Budget Advisors, Inc., 415 F.2d 1218 (7th Cir. 1969); Republic of Italy v. De Angelis, 206 F.2d 121 (2nd Cir., 1953); Vassardakis v. Parish, 36 F.Supp. 1002 (S.D.N.Y., 1941). The plaintiff in Count IV of the First Amended Complaint did properly plead a cause of action by alleging the breach of a security contract which was caused by the intentional and malicious interference (inducement) of William Rentschler in appropriating in excess of $100,000 from the assets of U.S.D., for his own personal use and causing other (as yet undetermined) funds to be diverted from U.S.D. for the use of other corporations owned or controlled by him.

In Count V of the Complaint, the plaintiff alleged that the defendant William H. Rentschler, *qua* President of U.S. Family breached his fiduciary responsibility to the plaintiff. Plaintiff alleged that the actions of William H. Rentschler (as described above) adversely affected his interest in collateral security, placing U.S.D. in a hazardous financial condition which resulted in damage to the plaintiff. Such action was alleged to breach the covenants contained in the contract between the plaintiff and U.S. Family (signed by William H. Rentschler as president).[3]

It is well settled that where an officer or agent of a corporation breaches his fiduciary responsibility by wrongfully converting or misappropriating funds and thereby adversely affecting the contractual and equitable relation between the corporation and a creditor, the creditor can maintain an action against the officer personally. Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1935); Winger v. Chicago City Bank and Trust Co., 394 Ill. 94, 67 N.E.2d 265 (1946). See generally, 19 C.J.S. Corporations § 849, § 850, § 859 and § 868 (1940).

Thus plaintiff has properly pleaded a cause of action in Count V by alleging the existence of a fiduciary responsibility and the breach of that duty to the plaintiff's detriment.

It is this Court's opinion that jurisdiction and venue lie in this Court and that Counts IV and V of Plaintiff's First Amended Complaint properly state a cause of action.

Accordingly, it is hereby ordered that defendants' motion to dismiss and strike the complaint is denied.

---

3. More specifically, the Agreement (attached to the First Amended Complaint as Exhibit "B") provides in § 7 that the Buyer will:

(g) Maintain a minimum net worth for U.S.D. at all times equal to at least the amount of the net worth of U.S.D. at December 31, 1971 . . . .

(i) Not pay or permit the payment by U.S.D. (directly or indirectly) or any wages, salaries or other compensation to any officers, directors, stockholders or management personnel of Buyer, U.S.D. or any of their affiliated companies, or to any other person, firm or entity, except for reasonable compensation commensurate with the value of service directly performed for U.S.D.

Payment of wages, salaries or other compensation to part-time management personnel of U.S.D. shall not in any event exceed $48,000 a year in the aggregate.

(1) Not make or permit U.S.D. to have outstanding any loan or advance to any individual, corporation, firm or other entity, except loans and advances by U.S.D. to Buyer, provided that such loans or advances are solely for the purpose of, and promptly thereafter applied to either (x) the payment of sums due to Seller hereunder, or (y) the payment of indebtedness which is permitted under subparagraph (k) of this paragraph 7 for which Buyer is primarily liable.