**In re David NORTH, Debtor.**

**P.M.S. ENTERPRISES, INC., Plaintiff,**

**v.**

**David NORTH, Defendant.**

**Bankruptcy No. 79 B 39545.**
**Adv. No. 82 A 1465.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Nov. 16, 1982.

Gerald North, Brace & North, Michael L. Stone, Lord, Bissell & Brook, Chicago, Ill., for debtor.

Michael P. Cascino and Joseph Macaluso, Chicago, Ill., for P.M.S.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This cause came to be heard on debtor David North's motion for summary judgment on plaintiff P.M.S. Enterprises, Inc.'s adversary complaint and in the alternative on debtor's motion to dismiss for failure to state a cause of action. This court having carefully considered the pleadings and memoranda filed by the parties and being fully advised in the premises, hereby grants debtor's motion for summary judgment.

P.M.S. in its adversary complaint charges debtor with tortious interference with contract and misrepresentation. Debtor, who was the president of the corporation with whom P.M.S. had a contract, asserts that he is not personally liable for breach of contract that may have occurred and that the requisite elements necessary to prove misrepresentation are missing.

## FACTUAL BACKGROUND

In the summer of 1977 P.M.S. entered into essentially a three part transaction whereby P.M.S. acquired rights to three Country Cookie stores from Country Cookie Company, Inc. at Oak Brook, River Oaks West and Fox Valley shopping centers. David North, the debtor, was the president of Country Cookie. On August 18, 1977 Country Cookie and P.M.S. signed an agreement specifically in relation to the Fox Valley store, and similar agreements were entered into with respect to the other stores. The Fox Valley agreement called for Country Cookie to enter into a lease for the shopping center premises and immediately assign the lease to P.M.S. Further, in a rider to that August 18, 1977 agreements Country Cookie pledged to use its best efforts to obtain the landlord's consent to a sublease or assignment of the Fox Valley Center lease.

P.M.S. did subsequently take possession of the Oak Brook and River Oaks West stores under its agreements with Country Cookie. However, problems arose with the assignment of the Fox Valley lease to P.M.S. The landlord at Fox Valley apparently demanded that Henry Pawlik, the president of P.M.S. personally guarantee the lease. Pawlik refused. Other proposals were made to appease the Fox Valley landlord but to no avail. Finally, when negotiations broke down completely, P.M.S., in March of 1978, filed suit against Country Cookie Company, Inc. and David North in the Circuit Court of Cook County for specific performance of the contract and for tortious interference with performance of that contract. The Fox Valley store was subsequently awarded to Syntex Construction Company.

On October 18, 1979 the debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code and the state court proceedings were stayed. On December 1, 1979 Country Cookie Company, Inc. was involuntarily dissolved by the State of Illinois. Thereafter, the Circuit Court of Cook County dismissed P.M.S.'s suit altogether and finally on April 22, 1982 P.M.S. filed the pending adversary complaint against debtor.

## ISSUES

In deciding whether summary judgment would be proper in this case, two issues must be resolved. First, whether or not the debtor,—president of the corporation with whom plaintiff had a contract—can be held liable for tortious interference with that contract; and second, whether or not debtor's conduct in negotiating the contract in question can be construed to be actionable misrepresentation.

## DISCUSSION

■ Defendant-debtor here moves for summary judgment or in the alternative, to dismiss P.M.S.'s complaint for failure to state a cause of action. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that if on a motion to dismiss for failure of the pleadings to state a claim upon which relief can be granted matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure. The parties here have

filed and the court has accepted affidavits and the deposition of one of plaintiff's principals. Therefore, the court treats debtor's motion as one for Summary Judgment and has considered the affidavits and the deposition submitted. *National Family Insurance Co. v. Exchange National Bank of Chicago,* 474 F.2d 237 (C.A. 7 1973).

Rule 56 of the Federal Rules of Civil Procedure provides that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In a motion for Summary Judgment, courts have held that all plaintiff's well-pleaded material allegations must be taken as true. Moreover, the courts should give plaintiff the benefit of all favorable inferences that might reasonably be drawn from the evidence, placing the burden on defendant of proving absence of any issue of fact. *Janek v. Celebrezze,* 336 F.2d 828 (C.A. 3 1964). Finally, judgment for the movant can only be granted if he is clearly entitled to it as a matter of law. *Poller v. C.B.S.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

■ P.M.S. contends that debtor's motion for summary judgment is premature in that it is an attempt to dismiss the P.M.S. claim before additional facts can be discovered from the lessor of the Fox Valley premises and from Syntex. On a motion for summary judgment the opposing party must show that there is a genuine issue of material fact to be tried. While Rule 56 does provide for allowance of additional time to secure evidentiary material, it is noted that P.M.S. filed its state suit against debtor and Country Cookie Co. in March of 1978. Clearly, P.M.S. has had adequate time to discover facts necessary to show that there is a genuine issue of fact for trial. *Groover v. Magnavox Co.,* 71 F.R.D. 638 (W.D.Pa. 1976).

*Tortious Interference With Contract*

■ The main theory of the P.M.S. complaint is that debtor, David North, the president of Country Cookie Company in 1978, interfered with P.M.S.'s contract with Country Cookie and induced Country Cookie to breach the contract resulting in damages. The elements of the tort of interference with contractual relations are well established. They include: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach of the other, caused by the defendant's wrongful conduct; and (5) damages. *Belden Corp. v. InterNorth, Inc.,* 90 Ill.App.3d 547, 45 Ill.Dec. 765, 413 N.E.2d 98 (1980), *Magnaflux v. Forester,* 223 F.Supp. 552 (N.D.Ill.1963), *General Capital Corporation v. U.S. Family Sporting Goods, Inc.,* 351 F.Supp. 364 (N.D.Ill.1972).

There is no dispute as to the fact that a valid and enforceable contract between P.M.S. and Country Cookie existed and that debtor, the president of Country Cookie was aware of this contractual relation. In examining the other elements, however, it must be kept in mind that it was as a corporate officer and shareholder that debtor is alleged to have tortiously interfered with the corporation's contractual relations and plaintiff's burden is somewhat different under these circumstances. *Swager v. Couri,* 77 Ill.2d 173, 32 Ill.Dec. 540, 395 N.E.2d 921 (1979).

■ The debtor here was not a party to the P.M.S.—Country Cookie contract and could not be bound thereby. Moreover, it was Country Cookie and not the debtor who promised to use its best efforts to obtain the Fox Valley landlord's consent to a sublease or assignment of the lease to P.M.S. Additionally, debtor is not an outsider who is being charged with intermeddling maliciously in the contract or affairs of P.M.S. and Country Cookie. Instead, debtor as a corporate officer acted for the corporation in accordance with his business judgment and discretion. *Loewenthal Securities Co. v. White Paving Company,* 351 Ill. 285, 184 N.E. 310 (1932). Corporate officers who, in

accordance with their business judgment and discretion incidentally interfere with their corporation's contractual relations lack the requisite "malice" and are therefore not liable in tort. *Loewenthal* and *Swager, supra.*[1]

■ The prevailing view in Illinois and federal case precedent is that corporate officers may, for a proper business purpose and in good faith influence the actions of the corporation regarding its contracts. However, if a corporate officer's inducement of his corporation's breach of contract is done maliciously or without justification, the conduct may be found to be tortious. Malice in these situations has been defined by the courts as the doing of a wrongful act intentionally and without just cause. As a result, corporate officers and directors may not use their position for the purpose of preferring themselves over creditors or utilize any scheme or device the purpose of which is to indemnify themselves against loss whether as creditors or as endorsers of notes given by the corporation or otherwise. A corporate officer may not misuse his position to gain personal benefit at the expense of the corporation or corporate creditors. *John P. Maguire & Co. v. Herzog,* 421 F.2d 419 (C.A. 5 1970).

P.M.S. implies that debtor induced Country Cookie to breach its contract with P.M.S. in order to gain personally. However, there is no evidence to indicate that (1) the contract was actually breached, (2) that debtor as president of Country Cookie did not act in good faith, and (3) that debtor had anything personally to gain from P.M.S. not getting the Fox Valley business.

Therefore, several of the elements necessary to prove tortious interference with contract are conspicuously missing. There is no evidence to indicate that debtor intentionally and unjustifiably induced a breach of the contract, that the contract was subsequently breached and that said breach was caused by debtor's wrongful conduct.

■ Furthermore, the element of damages poses a problem for P.M.S. In its adversary complaint, P.M.S. prays for lost profits and punitive damages. However, loss of profits here is very speculative. The evidence indicates that the other two stores P.M.S. did operate were very unsuccessful, did not earn anywhere near what was projected and eventually both closed. Profits cannot be recovered as an element of damages where they are speculative, contingent or uncertain. *Tonchen v. All-Steel Equipment, Inc.,* 13 Ill.App.3d 454, 300 N.E.2d 616 (2nd Dist. 1973), *Salaban v. East St. Louis & Interurban Water Co.,* 284 Ill. App. 358, 1 N.E.2d 731 (1936).

■ On the question of punative damages, it is generally recognized that they are not a favorite of Illinois state and federal courts and are therefore to be allowed only with caution and confined within narrow limits. *Aladdin Mfg. Co. v. Mantle Lamp Co. of America,* 116 F.2d 708 (C.A. 7, 1941). In Illinois punitive or exemplary damages will not be awarded in the absence of actual damages. *Shrout v. McDonald's Systems, Inc.,* 90 Ill.App.2d 60, 234 N.E.2d 45 (1968), *Freese v. Tripp,* 70 Ill. 496 (1873). *Geach v. Olsen,* 211 F.2d 680, 682 (C.A. 7, 1954). Federal courts, however, have indicated that punative or exemplary damages as such may be imposed by way of punishment of the wrongdoer and do not to any extent depend upon the amount of actual pecuniary damage sustained. Instead, they depend wholly upon the motive, purpose and condition of mind and heart of the

1. In the case of *W.P. Iverson v. Dunham Mfg. Co.,* 18 Ill.App.2d 404, 152 N.E.2d 615 (1958) the court limited the right of shareholders (or officers) to influence the management of their corporation to influence exerted "in good faith", and held that such conduct was not lawful if maliciously exerted in order that the corporation might escape the obligation of a contract. The Illinois Supreme Court, however, in *Swager v. Couri,* supra, p. 191, 32 Ill.Dec. 540, 395 N.E.2d 921, held that "this so-called 'exception' to the limited liability of corporate shareholders for corporate contractual obligations is an exception which would quickly swallow the rule itself in the case of most closely held corporations." As a result, the *Swager* court stated that it has never relied upon *Iverson* nor, for that matter, ever cited it in the 20 years since it was decided.

wrongdoer and the circumstances and manner of his doing the wrong. *Bucher v. Krause*, 200 F.2d 576 (C.A. 7, 1953). While the precedential value of the federal rule is of some question because it is based on a reading of Illinois law which has changed, it is clear that there must be a showing of intentionally fraudulent, malicious, wilful or wanton conduct in order to award punitive damages. *Aladdin Mfg. Co.*, supra; *Loeb v. Hammond*, 407 F.2d 779 (C.A. 7, 1969); *Simon J. Carlson & Son, Inc. v. Fricke*, 45 Ill.App.2d 88, 195 N.E.2d 17 (1963). For the reasons articulated above, no showing of fraudulent or malicious conduct has been made and thus punative damages may not be awarded to P.M.S.

In summary, P.M.S.'s claim of tortious interference with contract cannot validly survive debtor's motion for summary judgment. P.M.S. has presented no evidence to raise a question of fact before this court on its claim, there are no material issues of fact in dispute and the elements necessary to support its cause of action are not disclosed by the pleadings. Therefore, summary judgment is granted on P.M.S.'s tortious interference with contract claim.

*Misrepresentation*

Count II of P.M.S.'s complaint charges debtor with misrepresentation amounting to actionable fraud. Such misrepresentation is established by showing: 1) the false representation of a material existing fact; 2) made with the intention to deceive; 3) made with either knowledge that it is false or with reckless disregard for its truth or falsity; 4) which was believed and justifiably relied on by the other party; 5) with resultant damages. *Equitable Life Insur. Co. v. Halsey, Stuart & Co.*, 112 F.2d 302 (C.A. 7, 1940); *U.S. v. Kiefer*, 228 F.2d 448 (C.A.D.C.1956). *McMeen v. Whipple*, 23 Ill.2d 352, 178 N.E.2d 351 (1961); *Bergman & Lefkow Ins. Agency v. Flash Cab Co.*, 110 Ill.App.2d 415, 249 N.E.2d 729 (1st Dist. 1969).

P.M.S. in its complaint simply alleges that debtor in an effort to induce P.M.S. to enter into its agreement with Country Cookie falsely represented that Country Cookie would perform its obligations at all times prior to and at the time P.M.S. entered into its agreement with Country Cookie. However, no evidence to support its broad allegation was presented and thus there is no dispute for the court to decide. The only representation which P.M.S. brought before this court regarded a personal guarantee the landlord of Fox Valley requested of a P.M.S. officer. It is undisputed that the guarantee was asked for and that P.M.S.'s president refused to give it. No other evidence has been put before this court to indicate an issue of material fact. Therefore, P.M.S. has not clearly established or pled the necessary elements to assert actionable misrepresentation, no material issues of fact exist and debtor is entitled to judgment as a matter of law.

### CONCLUSIONS

Summary Judgment is proper where all the pleadings and evidence on file show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. P.M.S. has asserted that debtor is guilty of tortious interference of its contract with the now defunct Country Cookie Company and that debtor is guilty of actionable misrepresentation in its dealings with P.M.S. P.M.S. has failed on both counts to properly plead the requisite elements necessary to support its allegations and has presented no evidence to indicate that any material facts are an issue. As a result, debtor is entitled as a matter of law to summary judgment in its favor.

WHEREFORE, IT IS HEREBY ORDERED that debtor's motion for summary judgment is granted.